IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## WESTERN DIVISION.

*(Jackson.* April Trm, 1919.)

R. L. THOMPSON *v.* CONCORDIA FIRE INS. CO.

*(Jackson.* April Term, 1919.)

1. **INSURANCE.** Valued Policy.

The effect of Acts 1909, chapter 447 (Thomp. Shan. Code, section 3348a), is to make every policy of fire insurance a valued policy, unless the contract falls within one of the exceptions permitted by the act. (Post, p

Acts cited and construed: Acts 1909, ch. 447.

Code cited and construed: Secs. 3348a; 3348a1 (T. S.).

2. **INSURANCE.** Validity of provisions as to coinsurance.

Coinsurance clauses may be lawfully inserted in fire insurance policies, and will be enforced by the courts in the absence of any statutory regulation of the subject. (Post, p. —.)

3. **INSURANCE.** Statute relating to coinsurance as part of contract.

Thomp. Shan. Code, sections 3348a, 3348a1 and 3348a2, relating to coinsurance clauses and valuation in fire policies, enters into and

15 Thompson]                    408

Thompson v. Fire Ins. Co.

becomes a part of every fire insurance contract, and may be complied with by every insurance company to obtain its benefits. (*Post*, p. —.)

Cases cited and approved:  Duger v. Insurance Co., 95 Tenn., 245; Laurenzi v. Insurance Co., 131 Tenn., 644.

4. **INSURANCE.** Enforcement of coinsurance causes of fire policy.

Since Thomp. Shan. Code, section 3348a, 3348a1, and 3348a2, relating to coinsurance and valuation clauses in fire policies, permit the assured to be treated as a coinsurer only as to the difference between the amount of the proportion agreed to be maintained by assured and the insurance in force, a coinsurance clause limiting insurer's liability to such proportion of the whole loss as the amount of insurance bore to the cash value of the whole property, is unenforceable, where the policy contained no stipulation as to any proportion of insurance to be carried by insured nor any agreement to maintain insurance equal to the cash value; no inference that the policy did not contain the entire contract being permissible in view of Acts 1907, chapter 441.  (Post, p. —.)

Acts cited and construed: Acts 1907, ch. 441.

Cases cited and approved:  Jackson v. Loyal Additional Ben. Ass'n, 140 Tenn., 495;  Arnold v. Insurance Co., 131 Tenn., 720.

5. **INSURANCE.** Penalty for refusal of payment where novel question of liability raised.

Where the question upon which liability of insurance company depended was a new one, the case was not one for a penalty. *Post*, p. —.)

---

## FROM CROCKETT.

---

Error to the Circuit Court of Crockett County.—Hon. Thos. E. Harwood, Judge.

GERMAIN & GERMAIN and W. H. BIGGS, for plaintiff in error.

C. C. SHARROD and J. D. SENTER, for defendant in error.

MR. JUSTICE GREEN delivered the opinion of the Court.

The plaintiff, Thompson, took out a policy of insurance in the sum of $2,000 on certain cotton located in Crockett county. There was a fire and a loss of $1,947. The cash value of the whole property insured at the time of the fire was $5,376.

Thompson made claim under the policy for the amount of the loss, $1,947, but payment of this amount was refused. Thompson brought suit against the defendant company for the sum stated, and the company later paid into court $830.82, together with $24.93, interest, and $10.55, the amount of costs accrued since the bringing of the suit. The facts were not in dispute, and at the close of the evidence the trial judge directed the jury to return a verdict in favor of Thompson for $830.82 with interest, which was the amount paid into court by the company. Thompson made a motion for a new trial challenging the action of the court in directing a verdict as stated, and, said motion being overruled, he appealed to the court of civil appeals. The latter court was of opinion that Thompson was entitled to recover from defendant company the full amount of his loss, and reversed the case and remanded it for a new trial. The whole controversy depends upon the construction of a certain clause in the policy of insurance, and the validity of this clause tested by the provisions

of chapter 447 of the Acts of 1909. The statute referred to is carried into Thompson's Shannon's Code, and is as follows:

"3348a. To Pay Full Amount of Fire Insurance Policy, When; Coinsurance Clause Excepted; Stipulation as to Insurable Value.—All corporations, firms, or individuals doing a fire insurance business in this State shall, with respect to policies issued from and after the passage of this act on buildings or property in this State, other than stocks of goods and merchandise and other species of personal property changing in specific and quantity by the usual custom of trade, be bound to pay the full amount of the policy in the event of a total loss of such buildings or property; and, provided, further, that the provisions of this section shall not be applicable to policies containing a coinsurance clause as authorized hereinafter; and, provided, further, that the insurer shall have the right to stipulate in the policy the insurable value of the property insured, and that any policy containing such stipulation shall be avoided if at the time of the loss the whole amount of insurance of such property shall be in excess of such stipulated insurable value. (1909, ch. 447, sec. 1.)

"3348a1. "Three-Fourths Value Contract on stocks of Goods, etc., When; Liable for Pro Rata Proportion. When; Nnot Binding, When.—It shall be lawful for corporations, firms, or individuals doing a fire insurance business in the State to contract with the assured, in respect of insurance on stocks of goods and merchandise and other species of personal property changing in

specifics and quantity by the usual custom of trade, that in the event of loss the insurer shall not be liable for an amount greater than three-fourths of the actual cash value of the property covered by each item of the policy at the time of such loss, and that, in case of other insurance, and whether the policies are concurrent or not, the insurer shall be liable only for its *pro rata* proportion of such three-fourths value, and in no event for an amount greater than the sum insured by the policy; provided, however, that such contract shall not be binding on the assured unless its presence in the policy is indicated by the words 'three-fourths value contract,' printed or stamped in capital letters, and in red ink, across the face of the policy. (Id., sec. 2.)

"3348a2. Coinsurance Contracts Allowed; Same are Optional with Assured; Conclusively Presumed, When. —It shall be lawful for corporations, firms, or individuals doing a fire insurance business in this State to contract with the assured that the assured shall, during the life of such contract, maintain insurance upon the property insured to the extent of an agreed proportion of the actual cash value of the property at the time that a fire occurs, and that the assured, if he shall fail to do so, shall be a coinsurer, to the extent that his insurance then in force is less than the amount of such agreed proportion, and to that extent shall, as such coinsurer, bear his part of any loss; provided, however, that the acceptance of such contract shall be optional with the assured. which will be conclusively presumed if its presence in the policy is indicated by the words 'co-insurance contract,' printed or stamped in

capital letters, and in red ink, across the face of the policy. (Id., sec. 3.)''

The effect of this statute is to make every policy of fire insurance a valued policy, unless the contract falls within one of the exceptions permitted by the act. It is argued that the property here insured was not ''personal property changing in specifics and quantity by the usual custom of trade,'' and this may be conceded, although not decided, since there is no three-fourths value clause in the policy before us.

The insurer relies on a coinsurance clause in the policy in the following words:

''It is understood and agreed that this company shall be liable only for such proportion of the whole loss as the amount of this insurance bears to the cash value of the whole property hereby insured at the time of the fire.''

We are referred to numerous authorities upholding the validity of coinsurance clauses such as above. We have no doubt but that such stipulations may be lawfully inserted in fire insurance policies, and will be enforced by the courts in the absence of any statutory regulation of the subject.

We are of opinion, however, that the provisions of this clause cannot be here enforced in view of our statute above quoted and the facts of this case.

Such a statute as the foregoing enters into and becomes a part of every fire insurance contract. *Dugger* v. *Insurance Co.,* 95 Tenn., 245, 32 S. W., 5, L. R. A.; 796. And it is within the power of every insurance company to comply with the provisions of the statute, and

obtain its benefits. *Laurenzi* v. *Insurance Co.*, 131 Tenn., 644, 176 S. W., 1022.

The Act of 1909 permits the insurer to contract with the insured that the latter shall maintain insurance to an agreed proportion of the actual cash value of the property, under penalty of being held a coinsurer as to the difference between the insurance carried and the amount of such agreed proportion.

The policy here contains no stipulation as to the amount or proportion of insurance to be carried. The evidence of Thompson shows that such a matter was never submitted to him, nor considered by him, when the policy was taken out. He states that he applied for a $2,000 policy, and that such a policy was given to No contract obligating the insured to carry other insurance is anywhere expressed in the policy, nor can such a contract be said to exist, unless by inference, and no inference is permissible since under our laws the policy must contain the entire contract between the parties, and nothing be left to implication. Acts 1907, chapter 441; *Jackson* v. *Loyal Additional Ben. Ass'n*, 140 Tenn., 495, 205 S. W., 318; *Arnold* v. *Insurance Co.*, 131 Tenn., 720, 177 S. W., 78.

Moreover, in the coinsurance contract permitted by the statute, the insurer can only be treated as a coinsurer as to the difference between the amount of the agreed proportion and the insurance in force. He cannot be made a coinsurer as to the difference between the insurance in force and the cash value of the property, unless he had contracted to maintain insurance equal to the cash value.

This policy undertakes to impose upon the insured the consequences of a breach of a contract to carry insurance to the full cash value of his property, regardless of whether such a contract has ever in fact been made.

An insurer must comply with the conditions of the statute in order to obtain its benefits. The penalty cannot be imposed until the obligation is breached, and there can be no obligation without a contract. The statute guarantees to the insured likewise an option as to whether he will accept a coinsurance contract.

We are of opinion, therefore, that the result reached by the court of civil appeals was correct.

Counsel for the parties agreed at the bar of this court that a final judgment might be entered here, regardless of the condition of the record. We therefore direct the entry of a judgment in favor of the plaintiff Thompson, and against the defendant company for $1,947, with interest from the date of judgment in the trial court, September 18, 1918. We do not think this is a case for penalty, as the question is a new one.

The cost will be taxed to defendant company, and the case will be remanded in order that the judgment rendered may be credited by the amount paid into the lower court.