## LIBERTY MUT. INS. CO. v. McDONALD et al.
### No. 7413.

Circuit Court of Appeals, Sixth Circuit.
June 9, 1938.

F. A. Bull, of New York City, and Allen Cox, Jr., of Memphis, Tenn. (Duncan & Mount, of New York City, and Waring, Walker & Cox, of Memphis, Tenn., on the brief), for appellant.

J. W. Canada and C. C. Brown, both of Memphis, Tenn. (Canada & Russell, C. C. Brown, and John A. Osoinach, all of Memphis, Tenn., on the brief), for appellees.

Before HICKS and ALLEN, Circuit Judges, and FORD, District Judge.

HICKS, Circuit Judge.

Prather S. McDonald lost his life by reason of an accident in which an automobile driven by him collided with a tractor and trailer of the Hoover Motor Express Company which had been left on the highway between Nashville and Memphis, near Huntingdon, Tennessee, on the night of September 23, 1932. Thelma Latimer, riding in the automobile, was also killed.

498

W. Percy McDonald, as Executor of the Estate of Prather S. McDonald, and C. C. Brown, as Administrator of the Estate of Thelma Latimer, recovered judgments for their deaths in the sums of $25,000.00 and $15,000.00, respectively, in the Circuit Court of Shelby County, Tenn. These judgments were affirmed by the Supreme Court of the state.

The present actions, later consolidated, were brought against appellant, Liberty Mutual Insurance Company, upon those judgments under a policy of insurance issued by it on September 8, 1932, to the Express Company for "Public Liability and Property Damage." The consolidated causes were tried to the court without a jury and appellees recovered the amounts of their respective judgments, with interest.

The primary questions presented for review are: (1) whether the court erred in its application of § 5483, Code of Tennessee of 1932; and (2) whether it erred in its finding that the equipment involved in the accident was "substituted" for other of the Express Company's equipment specifically covered by the policy.

The undisputed facts are that at the time of the accident the Express Company was operating a motor vehicle freight line from Atlanta, Georgia, to Memphis, Tennessee, by way of Nashville, Tennessee. It was authorized to operate over the highway in Tennessee by a Certificate of Convenience and Necessity from the Tennessee Railroad and Public Utilities Commission. A Certificate was a prerequisite to any operation over Tennessee highways, and one could not be procured until the operative had complied with the provisions of § 5483 enacted for the protection of those who might be injured as the result of such operation.

The pertinent portion of § 5483 follows:

"No motor vehicle shall be operated upon any * * * highway in this state for the purpose of transporting * * * property for hire by virtue of such certificate until there shall have been filed with the commission a * * * policy of insurance, executed by a company * * * authorized to execute such instruments in the state and approved by said Commission, in such reasonable amount and on such terms and conditions as said commission shall prescribe; but such * * * policy of insurance shall be conditioned to pay any judgment rendered against such certificate holder and/or operator (within the limits of said * * * policy * * *) as the result of damage due to personal injury * * * arising out of the actual operation of such vehicles * * *."

In Johnson Transfer & Freight Lines, Inc. v. American Nat. Fire Ins. Co., 168 Tenn. 514, 518, 79 S.W.2d 587, 99 A.L.R. 277, the Supreme Court of Tennessee, after quoting this section, said (page 589):

"It will be observed that the statute quoted requires the bond or policy filed with the commission to pay any judgment rendered against the operator of the vehicle 'as the result of damage due to personal injury or damage to property, arising out of the actual operation of such vehicles, or for damage to or loss of property while in the possession of or under the control of any such operator.'

"This policy having been issued for the express purpose of enabling the Johnson Company to comply with this statute, as the rider upon the policy shows, the provisions of the statute enter into, and become part of, the policy, and such statutory provisions override and supersede anything in the policy repugnant to such provisions. Dugger v. Insurance Co., 95 Tenn. 245, 32 S.W. 5, 28 L.R.A. 796; Laurenzi v. Atlas Ins. Co., 131 Tenn. 644, 176 S.W. 1022; Thompson v. Concordia Fire Ins. Co., 142 Tenn. 408, 215 S.W. 932; Riddick v. Yorkshire Ins. Co., 165 Tenn. 105, 52 S.W.2d 166."

This is an interpretation of the statute by the Supreme Court of the state, if indeed it needed any interpretation. The District Court therefore did not err in holding that the policy covered all equipment operated by the Express Company on Tennessee highways, whether specified in the policy or not. The statute requires that the operating vehicle shall be covered by insurance. Appellant knew this and undertook to meet this requirement for the Express Company. If the contract it wrote was too limited to protect the public the statutory provisions superseded it to the extent necessary to make it adequate for public security.

Appellant further contends that at the time of the collision Tractor No. 18 and trailer were not being "operated," in the sense of the statute, since after they had broken down the cargo was removed, and they were simply standing empty on the highway. Without deciding just when the

operation of the equipment terminated, it is clear enough that it had not ceased while the unit was still parked on the highway as the result of disablement.

■ Appellant's denial of liability on the ground that the vehicles involved in the accident were not covered by the policy is based upon a provision thereof called "Endorsement for Public Liability and Property Damage Policies" reading as follows:

"(1) It is understood that the policy to which this endorsement is attached shall cover the motor vehicles described therein, *and any vehicles substituted therefor,* but not additional motor vehicles, and the company agrees to pay, within the limits of the policy or any endorsement attached thereto any judgment rendered against the Assured as the result of damage from personal injury * * * arising out of the actual operation of such vehicles pursuant to a Certificate of Convenience and Necessity issued by the Railroad and Public Utilities Commission." (Italics ours.)

It is conceded that appellant's Tractor No. 23, specifically covered by the policy, was being used on a regular run from Atlanta by way of Nashville to Memphis. The court found that this Tractor No. 23 broke down at Nashville; that its freight was transferred to a trailer pulled by Tractor No. 18; that the entire unit consisting of Tractor No. 18 and its trailer made the run to Memphis in place of and "being substituted for the entire unit of Tractor 23 and its trailer." It further found that Tractor No. 18 with its regular trailer, being the tractor and trailer involved in the accident, was not on its regular run but made the run from Nashville to Memphis in the emergency caused by the breakdown of Tractor No. 23 and its trailer.

There is ample evidence to support the finding that Tractor No. 18 was substituted for Tractor No. 23 on the particular run involved. Mr. Barton, the Express Company's Dispatcher, said so. He testified, "that No. 18 was an extra tractor which was substituted for No. 23 on account of the breakdown of 23 and that it would not be able to go that night on the run." Unless we give to the word "substituted" in the quoted provisions of the policy a significance entirely different from its commonly accepted meaning, Tractor No. 18 was covered. This as we have indicated, we do not do.

■ Finally, appellant insists that it is not liable, if liable at all, for amounts greater than those fixed by the Rules and Regulations of the Railroad and Public Utilities Commission of Tennessee. Rule 29 of these Rules and Regulations has this provision for coverage:

"Class 'D'—'E'

"Any Vehicle,—

"Not less than Five Thousand Dollars ($5,000) for injury or death to one person, and subject to a limit of Ten Thousand Dollars ($10,000) for injury to or death of more than one person in any one accident. * * *"

This rule provides minimum but not maximum coverage. Under it the insurer may limit his liability to $10,000.00 for the death of more than one person in any one accident but it is not compelled to do so. The policy provided coverage of $25,000.00 as to one person and $50,000.00 as to one accident. The judgments were within the limits thus voluntarily fixed and the latter portion of the statute, § 5483, required appellant to pay them.

Affirmed.