HERMITAGE HEALTH AND LIFE INSURANCE
COMPANY, Plaintiff in Error, v. ELBERT A.
CAGLE, Defendant in Error. No. 255.
—420 S.W.(2d) 591.

Eastern Section. June 9, 1967.

Certiorari Denied by Supreme Court September 18, 1967.

508

William C. Morrell, Knoxville, for Hermitage Health and Life Insurance Company.

Walter B. Johnson, Knoxville, for Elbert A. Cagle.

Paul E. Jennings, Assistant Attorney General, for State of Tennessee.

PARROTT, J.   This is a suit on hospital and surgical expense insurance policy brought by Elbert A. Cagle against Hermitage Health and Life Insurance Company seeking recovery of hospital benefits. From a judgment in the amount of $1880.00 entered in favor of the plaintiff by the circuit judge sitting without the intervention of a jury, the insurance company has appealed.

There is little, if any, dispute about the facts. The defendant insurance company admits the issuance of the policy which was in effect during the period from July 15th until November 22, 1965, and January 11, 1966, until March 2, 1966, when plaintiff, Elbert A. Cagle, was confined for treatment to East Tennessee Tuberculosis Hospital in Knoxville. It further admits the policy provides for payment of hospital room not to exceed $10.00 per day; laboratory services not to exceed $10.00; X-ray photographs not to exceed $15.00; medicines (other than penicillin and streptomycin) not to exceed $12.50. It is also agreed the insured has assigned any benefits due under the policy to the hospital.

The defendant insurance company's first contention is that under the terms and provisions of the policy, it is not liable to the plaintiff. The provision of the policy relied upon by the defendant to deny liability reads as follows: "* * * Company will pay the Insured (or the hospital if authorized by the Insured to do so) for the following items of hospital expense actually incurred * * *" The company interprets this provision to mean that it is only liable for expenses actually paid by the insured.

Mr. C. D. Palmer, secretary of Hermitage Health and Life Insurance Company, gave the following testimony in regard to the provision:

"We have never received one bill that has been paid by the insured. The only thing that we have received was a list of charges made by the hospital. Our Claim Committee holds that under this contract it was not until the man was made a charge required to pay an amount that no expense had actually been charged— actually incurred."

We cannot agree with the defendant's interpretation or construction of this provision of the policy. Webster's International Dictionary, Second Edition, defines "incur" as "to render liable or subject to." We believe the word "incur" means "to become liable for" and does not mean to actually "pay for" as insisted by the defendant. See Collins v. Farmers Insurance Exchange, 271 Minn. 239, 135 N.W.2d 503.

The undisputed proof herein shows the hospital charged $3133.00 for Mr. Cagle's confinement. There is no proof to show he was entered or even considered by the hospital to be an indigent or nonpaying patient. Mrs. Wanda Francis, accountant employed by East Tennessee Tuberculosis Hospital who handles all insurance claims for the hospital, testified that at the time of Mr. Cagle's admission to the hospital he informed them he had hospitalization insurance. On the strength of his assigning his insurance benefits to the hospital, all expenses resulting from his hospitalization were charged to Mr. Cagle.

Other very convincing evidence that both Mr. Cagle and the hospital were of the opinion he was liable for the expenses incurred is the fact he had another hospitalization policy which he assigned to the hospital upon his

admission. Under this policy all of Mr. Cagle's expenses except $1123.45 have been paid.

Under all the evidence we must conclude that Mr. Cagle has incurred expenses within the meaning of the policy.

The second ground on which the defendant is denying liability is stated in appellant's assignments of error and brief as follows:

"That this being a tax supported institution that the method of dealing therein with the patients with reference to insurance companies is discriminatory and the practice thereof unconstitutional, particularly under Section 1 of the 14th Amendment of the Constitution of the United States, and particularly under the Tennessee State Constitution."

To us this most unusual and novel defense is not supported by any of the proof or has any merit.

We will take judicial knowledge that Chapter 16 of the Tennessee Code authorizes East Tennessee Tuberculosis Hospital to be established for the treatment of tuberculosis and chronic chest diseases. The operation is vested in the Department of Public Health.

T.C.A. 53-1623, which is a part of Chapter 16, provides that there shall be established a per diem cost for each patient which shall be the actual cost of hospitalization for the individual patient. This statute further provides that the hospital may admit for treatment any person ill with tuberculosis. If the patient or persons legally liable for his support have sufficient income or estate, such person or persons shall be charged the established per diem cost. For those patients who are unable to pay, in whole or in part, the established per diem cost,

such will be borne by the State of Tennessee or the resident county of the patient. Authority to make the determination as to which patients shall be paying or nonpaying is placed in the Commissioner of the Department of Health with the advice of the Commissioner of Welfare, whose department makes investigations of the patients' ability to pay.

It was the testimony of Mrs. Francis, which remains undisputed, that the hospital had both paying and nonpaying patients. She further testified that the Board of Trustees of the hospital sets up and approves a schedule of rates for rooms, services and all other hospital charges. Every patient, whether paying or nonpaying, is charged the same rates and no distinction is made in the services or charges of paying or nonpaying patients.

The only case cited and relied upon by the defendant is the case of United States v. St. Paul Mercury Indemnity Co., D.C., 133 F.Supp. 726. In that case the language of the policy was very similar to the policy in the instant case but an entirely different factual situation was present. There the insured was confined in a veteran's hospital and never was charged or ever became liable for any expenses in connection with his hospitalization. We do not see that that case or the other cases involving suits for reimbursement for medical and hospital expenses for veterans or servicemen who have undergone treatment in a government hospital afford any light or authority for the case now before us. In those cases the veteran or service man was not legally liable or was he ever under any obligation to pay for the services rendered because the federal government was required to furnish the services without charge.

In the instant case there is no showing that Cagle was a nonpaying patient. All the testimony in the record tends to support a contrary conclusion. Also we are unable to see how any discrimination has been practiced against the defendant because all patients are charged the same rates.

Another reason the defendant's insistence must fail is that it is contra to T.C.A. 56-3324. This statute provides all policies which afford coverage for tuberculosis, as this policy does, "shall not exclude hospitalization benefits for tubercular patients hospitalized in tax supported institutions of the state of Tennessee or any county or any municipality thereof."

■■ It is a well established rule of law in this state that any statute applicable to an insurance policy becomes part of the policy and such statutory provisions override and supersede anything in the policy repugnant to the provisions of the statute. Johnson Transfer and Freight Lines, Inc., et al. v. American National Fire Insurance Co., et al., 168 Tenn. 514, 79 S.W.2d 587, 99 A.L.R. 277. To the same effect see 44 C.J.S. Insurance sec. 302; Dugger v. Mechanics' & Traders Insurance Co., 95 Tenn. 245, 32 S.W.2d 5, 28 L.R.A. 796; Laurenzi v. Atlas Ins. Co., 131 Tenn. 644, 176 S.W. 1022; Thompson v. Concordia Fire Ins. Co., 142 Tenn. 408, 215 S.W. 932; Riddick v. Yorkshire Ins. Co., 165 Tenn. 105, 52 S.W.2d 166.

Thus the judgment below is affirmed with the costs taxed to the plaintiff in error.

McAmis, P. J., and Cooper, J., concur.