The HOME INSURANCE COMPANY,
Plaintiff-Appellant,

v.

The GLENS FALLS INSURANCE
COMPANY, Defendant-Appellee.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

May 30, 1984.

Application for Permission to Appeal
Denied by Supreme Court
April 20, 1984.

Tom Corts, Joseph B. Klockenkemper, II,
Ortale, Kelley, Herbert & Crawford, Nash-
ville, for plaintiff-appellant.

Thomas A. Higgins, C. Bennett Harrison,
Jr., Cornelius, Collins, Higgins & White,
Nashville, for defendant-appellee.

OPINION

LEWIS, Judge.

Plaintiff-appellant, The Home Insurance
Company, filed its complaint in the Chan-
cery Court for Davidson County seeking a
declaratory judgment that its policy of in-

surance issued to Alley-Cassetty Coal Company was excess to the policy of insurance issued by defendant-appellee, The Glens Falls Insurance Company, to its insured G & P Transport, Inc., Glens Falls, in its answer, asserted that Home has the primary coverage because its insured, Alley-Cassetty Coal Company, had agreed to provide insurance under a lease agreement with Glens Falls' insured, G & P. However, the evidence at trial showed, and the Trial Court found, that under the terms of the lease the lessor, G & P, was to furnish insurance. In the alternative, Glens Falls alleged that both policies afforded primary coverage as owners' policies due to an endorsement on the Home policy which made "any long term leased vehicle" an "owned" vehicle under its policy. Both policies covered a truck owned by G & P and leased to Alley-Cassetty.

At the conclusion of an evidentiary hearing, the Chancellor found that both the Home and Glens Falls policies were primary and that the companies should share in the loss on a pro rata basis.

The facts out of which this suit arose are:

On January 26, 1981, an accident occurred involving an automobile occupied by Eugene and Elizabeth Wall and a truck driven by Bobby L. Jones. The vehicle operated by Jones was owned by G & P and leased to Alley-Cassetty. The Walls brought suit alleging they had suffered personal injuries as a result of Jones' negligence and that Jones was on the business of G & P and Alley-Cassetty. The Walls' suit was settled for $300,000, and payment was made by Glens Falls without prejudice to any rights involved in this declaratory judgment suit.

Alley-Cassetty at the time the accident occurred was the named insured on a policy issued by Home with liability insurance limits of $250,000 per person and $500,000 per accident. G & P was the named insured on a policy issued by Glens Falls with a single liability limit of $500,000. The truck was an insured vehicle under both policies. Both policies contained identical "other insurance" clauses stating that each policy was excess to any other valid and collectable insurance. The Home policy had an endorsement providing coverage for "any long term leased vehicles" as follows:

Any auto described in this endorsement will be considered a covered auto you own and not a covered auto you hire, borrow, or lease under the coverage for which it is a covered auto.

The lease for the 1977 Freightliner truck involved in the accident was entered into on February 22, 1978, and was used by Alley-Cassetty for hauling coal to its customers.

Bobby Jones, the driver of the truck, was chosen by G & P to operate the truck and was sent to Alley-Cassetty for approval. Alley-Cassetty was required to have its truck drivers on its payroll as employees in order to be exempt under Interstate Commerce Commission permit regulations. Bobby Jones completed an Alley-Cassetty employment application, took an Alley-Cassetty written examination, underwent a physical examination by a physician at the request of Alley-Cassetty, and was paid by Alley-Cassetty. On the date the accident occurred, Bobby Jones was dispatched by Alley-Cassetty with a load of coal to be delivered to the DuPont plant in New Johnsonville, Tennessee.

Home's first issue on appeal is: "Whether the vehicle involved in this case was a 'long-term leased' vehicle under the endorsement of the policy issued by the plaintiff/appellant, The Home Insurance Company."

The Chancellor found as a fact that the truck was a "long term leased vehicle" under the terms of the endorsement to the Home Insurance policy. This finding comes to this Court "accompanied by a presumption of correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn.R.App.P. 13(d). Our review of the record fails to disclose that the preponderance of the evidence is otherwise.

The Home policy does not define "long term leased vehicle." There is no evidence

in the record regarding the meaning of "long term leased vehicle." There is evidence that Fred Cassetty, President of Alley-Cassetty, recognized the lease "as a long term lease agreement." The lease had been in effect since 1978, and there is evidence that both the lessor and lessee were satisfied with the lease. There is nothing in the record from which either the Chancellor or this Court could determine the meaning of the phrase "long term leased vehicle" so far as the insurance industry is concerned.

We are of the opinion after a review of this record that the preponderance of the evidence supports the Chancellor's finding that this was a "long term leased vehicle" and, insofar as Home and Alley-Cassetty were concerned, was considered a vehicle owned by Alley-Cassetty.

This issue is without merit.

■ Home's second issue is: "Whether the Trial Court erred in refusing to allow the plaintiff/appellant, The Home Insurance Company, to introduce testimony as to why the endorsement was procured."

On direct examination, Fred Cassetty was asked: "Do you recall, or at least what is your understanding as to why this endorsement came about, if you remember?" There was an objection to the question and, after argument of counsel, the objection was sustained.

We are unable to address the merits of this issue. When the Chancellor sustained Glens Falls' objection, no offer of proof was made for the record. The record is silent as to what Mr. Cassetty's answer would have been. We, therefore, cannot say that the Chancellor erred in sustaining the objection. Tennessee Rule of Civil Procedure 43.03 outlines the procedure to be followed in making an offer of proof for the record in order to preserve that proof for appeal. This was not done in this case.

This issue is without merit.

Home's last issue is: "Whether an owner can cause an endorsement of a lessee's insurance policy to override the provisions of T.C.A. § 56–7–1101(a) which requires that the owner's policy provide primary coverage concerning a vehicle being operated with the permission of the owner and within the scope of the permission granted."

Tenn.Code Ann. § 56–7–1101(a) provides:

(a) In all cases arising out of the use of a motor vehicle on which the owner of the motor vehicle has any insurance coverages the owner's policy is primary if the vehicle is being operated within the permission of the owner and within the scope of the permission granted.

Any other coverages which may be available to the permittee are not applicable unless and until the limits of all coverages provided by the owner's policy are first exhausted.

"It is a well established rule of law in this state that any statute applicable to an insurance policy becomes part of the policy and such statutory provisions override and supersede anything in the policy repugnant to the provisions of the statute." *Hermitage Health and Life Insurance Co. v. Cagle,* 57 Tenn.App. 507, 513, 420 S.W.2d 591, 594 (1967) (citations omitted).

Glens Falls argues that since Alley-Cassetty chose to insure itself through the endorsement to Home's policy as an owner, there are two owners of the truck, G & P and Alley-Cassetty; therefore, the provisions of Tenn.Code Ann. § 56–7–1101 do not apply and, since the statute does not apply, case law in effect prior to passage of the statute must be looked to resolve the issue.

We disagree. Tenn.Code Ann. § 56–7–1101 does resolve the conflict. While both The Home and Glens Falls policies may be considered "owners" policies, there is only *one owner of the truck.* G & P is the owner and G & P has insurance coverage through Glens Falls on the vehicle. The statute is clear: When "the owner of the motor vehicle has any insurance coverages, the owner's policy is primary...."

■ The endorsement to The Home Insurance Company's policy providing that a long term leased vehicle "will be considered

a covered auto you own" does not make Alley-Cassetty an owner of the vehicle.

 Under Tenn.Code Ann. § 56–7–1101(a) to determine primary insurance coverage on a vehicle, we must simply look to see who is the owner of the vehicle. If that owner carries an insurance policy and the vehicle is being used with the owner's permission and within the scope of that permission, then the owner's insurance is primary and the permittee's insurance is excess.

In this case Glens Falls' policy is primary and The Home policy is secondary or excess.

We would also note that while the vehicle is a leased vehicle, § 56–7–1101(c) which provides,

> When a claim arises out of the operation of a motor vehicle which is leased, under a written lease agreement, and pursuant to which agreement the lessee provides coverage for the vehicle, then any other coverage which may be available for the vehicle through the lessor is not applicable unless and until the limits of all coverage provided by the lessee for the vehicle [are first excluded]

is of no comfort to Glens Falls.

 For subsection (c) to apply, the lease must provide that the lessee will provide insurance coverage for the vehicle. The lease in this case provides that the owner-lessor, G & P, will furnish insurance on the vehicle involved in the accident. The insurance coverage provided under the Home policy was not provided by the lessee, Alley-Cassetty, pursuant to the lease. The lessor, and not the lessee, agreed to furnish insurance. Subsection (c) is not applicable to this case.

The judgment of the Chancellor is reversed with costs taxed to Glens Falls and the cause remanded to the Trial Court for collection of costs, the entry of judgment for reasonable attorney's fees incurred by Home in defense of Alley-Cassetty in the liability suit, and for any further necessary proceedings.

TODD, P.J. (M.S.), and GODDARD, J., concur.