IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE
_____

| | |
|---|---|
| **CITY OF MURFREESBORO, A** | From the Rutherford County |
| **Municipal Corporation in** | Circuit Court, No. 37469 |
| **Rutherford County, State of** | The Honorable James L. |
| **Tennessee,** | Weatherford, Judge |
| | |
| Plaintiff-Appellee, | ***AFFIRMED AND REMANDED*** |
| | C.A. No. 01A01-9704-CV-00193 |
| **COMAS MONTGOMERY,** | Steven A. Stinson of Murfreesboro |
| **SHIRLEY NEELY MONTGOMERY,** | K. Gregory Tucker, Of Counsel |
| **SHERRY NEELY NUNLEY, and** | For Appellants |
| **HOWARD SIMPKINS, as** | |
| **Co-Executors of the EMMA V.** | Thomas L. Reed, Jr. and |
| **NEELY ESTATE;** | Jerry E. Farmer of Murfreesboro |
| | For Appellee |
| Defendants-Appellants. | |

FILED

December 19, 1997

Cecil W. Crowson
Appellate Court Clerk

MEMORANDUM OPINION[1]
_____

*CRAWFORD, J.*

This is a condemnation case. Defendants, Comas Montgomery, Shirley Neely Montgomery, Sherry Neely Nunley, and Howard Simpkins, co-executors of the Emma V. Neely estate, appeal the judgment of the trial court awarding possession of the property in question to plaintiff, City of Murfreesboro. The compensation to be paid defendants has not been adjudicated, and this appeal relates only to the right of the city to take the property.

The city's St. Clair Street Seniors' Center is located at the intersection of St. Clair Street and Walnut Street in Murfreesboro, and its property includes the better part of the north end of a city block. Approximately half of the southern part of this same block is occupied by Westbrook Tower, a retirement home for senior citizens. The Neely estate property at 601 North Walnut Street is a lot fronting approximately 75 feet on Walnut and extending back along the northern boundary of the Westbrook Tower property.

In 1994, the senior center began considering expansion plans, and the city purchased some parcels of property in the block in anticipation of the expansion. In December of 1994,

_____

[1]Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

defendant, Comas Montgomery, acting as spokesperson for the defendants approached the city's mayor and the city manager inquiring if the city had any interest in purchasing the subject property. The city expressed interest at that time and wanted to agree on appraisal of the property. Mr. Montgomery objected to the appraiser selected by the city and understood that another appraiser would be used. Mr. Montgomery testified that he had no further contact with the city regarding the appraisal or any other interest of the city in acquiring the property. However, the city council minutes shortly after the contact state that the city manager informed the city council that Mr. Montgomery called and advised him that the family had decided not to sell the property. In the meantime, preliminary architectural work was being performed in connection with the planned expansion, and the city had acquired a lot to the north of the Neely property for this purpose.

In making the preliminary assessments, it was determined that there was a need to relocate a sewer line and that this would probably have to be done by acquisition of the Neely property. The city manager brought this matter before the city council at its February 8, 1996, meeting and requested council to approve condemnation of the property since the parties had indicated that they did not want to voluntarily sell the property. Mr. Montgomery heard about the meeting while it was in progress and immediately went to the city council chambers. He persuaded the council to rescind its vote for condemnation and to attempt to negotiate an acquisition by purchase. Appraisals were obtained, and the parties tried to negotiate but were unable to agree upon an acceptable price. In the meantime, it was determined that an easement for the sewer line would be sufficient. The defendants offered to give an easement to the city at no cost. Later it was determined that a small parcel of land at the rear of the Neely property was needed for the sewer line. Subsequently, the long range planning committee for the senior citizen center determined that the entire lot was needed for future expansion. The Neely heirs wanted $195,000.00 for the property, but the city's appraisals indicated the value was only $95,000.00.

The defendants' attorney was allowed to speak at the city council meeting where he raised the issues of fraud, misrepresentation and bad faith on the part of the city. At the attorney's request the city again agreed to delay a condemnation vote in order to see if the matter

could be worked out by agreement. The senior citizens center long range planning commission advised the council that time was of the essence and they needed this property for expansion purposes. When the parties were unable to reach an agreement as to the value, the city council voted to condemn the property.

The condemnation complaint was filed and $95,000.00 plus was tendered as the higher of the city's two appraisals. After a nonjury trial confined to the issue of the taking, the trial court entered its order awarding possession to the city. The defendants have appealed and present five issues for review which we will now consider. The first two issues for review, as stated in appellants' brief, are:

> 1. The trial court erred in permitting the exercise of eminent domain where the condemning authority has concealed the true purpose of the taking, made fraudulent misrepresentations, acted in bad faith and acted arbitrarily and capriciously.

> 2. The trial court erred in determining that the City of Murfreesboro had identified a need for the property.

Appellants assert that the city's stated reason for the condemnation was a mere subterfuge, and that the city made fraudulent misrepresentations, acted in bad faith, and acted arbitrarily and capriciously. Apparently, these assertions are premised on the fact that the initial proposal for condemnation only stated a need for a sewer line to cross the subject property. At a later date, the reason for the taking was expanded by virtue of the need expressed by the senior center's long range planning committee. The record reflects that the architect for the property testified concerning this need and the necessity for the expansion to include the subject property. We have reviewed the record, which includes the transcripts of the pertinent city council meetings, and from this review we conclude that the city did not act unfairly, that there was no subterfuge, and what is really at issue is a question of money. The trial court found that there was no abuse of power by the city and that there was no evidence to indicate "that the city council acted fraudulently, arbitrarily, capriciously, or in bad faith." The evidence does not preponderate against the trial court's findings, T.R.A.P. 13(d), and we concur with these findings. In *American Tel. & Tel. Co. v. Proffitt*, 903 S.W.2d 309 (Tenn. App. 1995), this Court said:

> "[B]road discretion is necessarily vested in those to whom the

3

> power of eminent domain is delegated, in determining what property is necessary for the public purpose, with respect to the particular route, line, or location of the proposed work or improvement, and . . . the courts will not disturb their action in the absence of fraud, bad faith, or gross abuse of discretion." 26 Am.Jur. *Eminent Domain* § 113. The Tennessee Supreme Court echoed this rule in *Williamson Co. v. Franklin & Spring Hill Turnpike Co.*, 143 Tenn. 647 (1920), wherein it opined, "It is everywhere settled that, in the absence of a clear and palpable abuse of power, the determination of the necessity for the taking and what property shall be taken is not a question for the judiciary, but for the legislature *or* the body to whom the right of eminent domain is delegated by it."

*Id.* at 311-312.

The testimony in the city council minutes reflect that the senior center legitimately determined that there is a need for the Neely property, that the city was reluctant to condemn the property without first negotiating, and that the condemnation was authorized only when negotiations failed. Defendants assign some sinister motive to the city simply because the long range planning changed, creating a need for the property. The architect's testimony explained the process of the changes and the necessity therefor. The trial court apparently believed this testimony. The determination of the credibility of witnesses rests in the first instance with the trial court and will be given great weight by the appellate court. *Haverlah v. Memphis Aviation, Inc.*, 674 S.W.2d 297, 302 (Tenn. App. 1984).

These issues are without merit.

The third issue for review, as stated in appellants' brief, is:

> 3. The trial court erred in failing to recuse as a result of the appearance of impropriety and thus set aside the FINAL JUDGMENT OF POSSESSION AND CONDEMNATION.

Because of the recusal of Judge Don Ashe, the Supreme Court appointed the Honorable James L. Weatherford to preside over this case. Judge Weatherford has a brother living in Murfreesboro and when he came to Murfreesboro the evening before trial he had dinner with his brother. The brother is also a member of the Murfreesboro Housing Authority. Appellants assert that because Judge Weatherford had dinner with his brother the evening before trial and his brother is on the Murfreesboro Housing Authority, this created an appearance of impropriety.

We find nothing in the record to indicate that Judge Weatherford's brother was even remotely interested in the acquisition of the subject property. The housing authority had nothing

4

to do with establishing a need for the subject property, nor did they make any effort whatsoever to acquire the property. There is nothing in the record to indicate any impropriety on the part of Judge Weatherford nor even an appearance of impropriety as asserted by appellants. The trial court correctly denied the motion for recusal. This issue is totally without merit.

The fourth issue for review, as set out in appellants' brief, is:

> 4. The trial court erred in totally precluding the Defendants from taking the deposition of City Attorney Tom Reed and/or from introducing testimony relative to the City Attorney's Office's actions relative to this condemnation.

Appellants assert that they should have been allowed to take the deposition of the city attorney to deal with the actions of the city attorney involving the eminent domain process. It appears that the appellants are merely complaining about the attempts to negotiate the price for the property, and that the city attorney seemed to indicate that it was a "waste of time" to do so. Appellants assert that this indicates a failure to negotiate in good faith. Appellants have failed to cite any authority to the effect that the city was required to negotiate for the purchase of the property. The deposition testimony would not affect the judgment of the court. Defendants also assert that the trial court erroneously ruled concerning several evidentiary objections. Since appellants did not set out the questions and the specific objections, we are having some difficulty in determining exactly what appellants' complaint is. It does appear, however, that they complain about certain portions of Engineer Huddleston's testimony. We have reviewed the part of the transcript referred to, and it appears that either this witness showed a lack of knowledge about what he was asked, or he was asked to give his impression of what the city's intent was. His impression of the city's intent is irrelevant because there was no foundation laid to show that he was authorized to act for or commit the city.

Appellants further complain that they were not allowed to show a statement made by Jerry Farmer. However, when the objection was made and sustained, no offer of proof was made and we don't know what the answer would have been; therefore, we cannot address the objection. *Home Insurance Co. v. Glen Falls Ins. Co.*, 675 S.W.2d 486, 488 (Tenn. App. 1984). We will not be able to consider the remaining evidentiary objections for that reason as well. This issue is also without merit.

5

The next issue, as stated in appellants' brief, is:

> 5. The trial court erred in denying the Appellants a stay and either a very reasonable or minimal stay bond under the facts and circumstances of this case.

This Court previously entered an order on February 27, 1997, affirming the trial court on this issue. There is nothing in the record to warrant a change of that position. This issue is without merit.

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellants. Appellee has requested that we declare this a frivolous appeal. Although this is very close to a frivolous appeal, we will decline the invitation at this time.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**DAVID R. FARMER, JUDGE**

_____
**HEWITT P. TOMLIN, JR.**
**SENIOR JUDGE**

6