# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### February 10, 2016 Session


## EDWARD MARTIN v. GREGORY POWERS ET AL.


**Appeal by Permission from the Court of Appeals**
**Circuit Court for Williamson County**
**No. 2013-347      James G. Martin III, Judge**

---

### No. M2014-00647-SC-R11-CV – Filed October 24, 2016

---

HOLLY KIRBY, J., dissenting.

I respectfully dissent from the majority opinion in this case.

The majority concludes that the Policy exclusion for any vehicle "owned or operated by a self-insurer under any applicable motor vehicle law" is ambiguous. I disagree. As explained below, under the plain Policy language, the rental car driven by the Defendant was not an "uninsured motor vehicle" because it was owned by a "self-insurer" under Tennessee's Financial Responsibility Act. For this reason, I would conclude that the Policy does not provide UM coverage to the Plaintiff in this case.

In this case, the Policy provides for UM coverage when the insured's injuries are caused by an "uninsured motor vehicle." The Policy contains the proviso that the term "uninsured motor vehicle"

> does not mean a vehicle . . . owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

Concomitantly, Tennessee Code Annotated section 56-7-1202 provides that an "uninsured motor vehicle"

> does not include a motor vehicle . . . [s]elf-insured within the meaning of the Tennessee Financial Responsibility Law, compiled in title 55, chapter 12, or any similar state or federal law.

Tenn. Code Ann. § 56-7-1202(a)(2)(C) (2008). While the Policy tracks the language of the statute, the statute is more specific in that it identifies one such "applicable motor vehicle law," namely, the Tennessee Financial Responsibility Law. As pointed out by the majority, "any statute applicable to an insurance policy becomes part of the policy and such statutory provisions override and supersede anything in the policy repugnant to the provisions of the statute." *Hermitage Health & Life Ins. Co. v. Cagel*, 420 S.W.2d 591, 594 (Tenn. 1967).

It is undisputed in this case that Enterprise is certified as a self-insurer under the Tennessee Financial Responsibility Law and that Enterprise owned the Rental Car used to inflict injuries upon the Plaintiff. Thus, reading the Policy and the statute together, the Rental Car was clearly not an "uninsured motor vehicle" because it was "owned . . . by a self-insurer under [an] applicable motor vehicle law," i.e., the Tennessee Financial Responsibility Law. Accordingly, under the plain Policy language, I would conclude that UM coverage must be denied.

Certainly I am sympathetic to the Plaintiff, and the result reached by the majority is consonant with the overall aim of the UM statutes. However, I think that this case does not present an ambiguity in either the statutes or the insurance Policy. Rather, it highlights a "hole" in the statutes and, consequently, in the Policy language that tracks the statutes. It seems likely that the legislature simply did not contemplate this scenario, where a vehicle can be considered "insured" if owned by a self-insurer, even though the owner/self-insurer cannot legally be held liable for the damages caused by the vehicle operator based on federal law or otherwise. Neither the statutes nor the Policy provide for this situation.

Accordingly, I would apply the Policy as written, and I would leave it to the legislature to fix any hole in the applicable statutes. For this reason, I respectfully dissent.

_____
HOLLY KIRBY, JUSTICE