**Theodore Howard DUNN, Sr. and Zelma D. Dunn, Plaintiffs–Appellants,**

v.

**Ronnie L. HACKETT and Holiday Inn, Inc., Defendants–Appellees.**

Court of Appeals of Tennessee, Western Section, at Nashville.

Jan. 8, 1992.

Permission to Appeal Denied by Supreme Court May 4, 1992.

Daniel L. Wischhof, Donald D. Zuccarello, Nashville, for plaintiffs-appellants.

Joseph B. Kockenkemper, II, Nashville, for unnamed defendant-appellee, State Farm Auto. Ins. Co.

CRAWFORD, Judge.

This case involves uninsured motorist insurance coverage. Plaintiffs, Theodore Howard Dunn, Sr., and Zelma D. Dunn, appeal from the order of the trial court granting summary judgment to State Farm Mutual Automobile Insurance Company.

In 1986, Theodore Dunn, while driving a van owned by his employer, Holiday Inn, Inc., in the course of his employment, sustained personal injuries when he was involved in a collision with an automobile driven by defendant, Ronnie L. Hackett. Theodore Dunn received workers compensation benefits from Holiday Inns totaling $19,210.97 for medical benefits and temporary total disability benefits. Dunn did not attempt to recover the permanent partial disability benefits, although the evidence at trial indicated that he had an anatomical disability rating of two percent to the body as a whole and ten percent to the leg.

On June 5, 1987, plaintiffs, Theodore Dunn and wife, Zelma Dunn, filed suit against Hackett for personal injuries and loss of consortium respectively, and pursuant to T.C.A. § 56–7–1206 caused summons to be served on State Farm Mutual Automobile Insurance Company which provided uninsured motorist coverage for Dunn's personal automobile with limits of $50,-000.00 per person and $100,000.00 per oc-

currence. State Farm's answer avers that its liability for uninsured motorist benefits to Dunn is secondary and that the insurer for the vehicle Dunn was operating at the time of the accident is the primary carrier.

The Dunns' case against Hackett resulted in a judgment on the jury verdicts for Mr. Dunn in the amount of $45,000.00 and for Mrs. Dunn in the amount of $5,000.00. Since Hackett had a liability insurance policy with a limit of $25,000.00, a determination must be made as to whether there is any applicable uninsured motorist insurance for the difference between the judgment and Hackett's coverage limit.

■ State Farm filed a motion for summary judgment which was granted by the trial court. Plaintiffs have appealed and the dispositive issue on appeal is whether the trial court erred in granting State Farm's motion for summary judgment on the grounds that its uninsured motorist coverage was secondary and not primary.

■ Summary judgment is to be rendered by a trial court only when it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Tenn.R.Civ.P. 56.03 (1984). In ruling on a motion for summary judgment, the trial court and the Court of Appeals must consider the matter in the same manner as a motion for directed verdict made at the close of the plaintiff's proof, i.e., all the evidence must be viewed in the light most favorable to the opponent of the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. It is only when there is no disputed issue of material fact that a summary judgment should be granted by the trial court and sustained by the Court of Appeals. *Graves v. Anchor Wire Corp. of Tenn.*, 692 S.W.2d 420 (Tenn.App.1985); *Bennett v. Mid–South Terminals Corp.*, 660 S.W.2d 799 (Tenn.App.1983).

As previously noted, Dunn was driving a van owned by Holiday Inn at the time of the collision with Hackett. T.C.A. § 56–7–1201(b)(1), (2) provides:

(1) The uninsured motorist coverage on the vehicle in which the injured party was an occupant shall be the primary uninsured motorist coverage;

(2) Should that primary uninsured motorist coverage be exhausted due to the extent of compensatory damages, then the injured occupant may recover as excess from the insurance on the vehicle owned by the insured that provides the highest limits of uninsured motorist coverage. In no instance shall more than one (1) coverage from more than one (1) uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.

The record establishes that Holiday Inns had a policy of insurance with Old Republic Insurance Company, but the policy provisions did not expressly include uninsured motorist coverage for vehicles based in Tennessee. The policy was delivered in Tennessee, and State Farm asserts that, because of the provisions of T.C.A. § 56–7–1201 (1989), Old Republic did provide uninsured motorist coverage. T.C.A. § 56–7–1201 as pertinent provides:

**56–7–1201. Requirements and types of coverage—Presumptions.**—(a) Every automobile liability insurance policy delivered, issued for delivery or renewed in this state, covering liability arising out of the ownership, maintenance, or use of any motor vehicle designed for use primarily on public roads and registered or principally garaged in this state, **shall include uninsured motorist coverage,** subject to provisions filed with and approved by the commissioner of commerce and insurance, for the protection of persons insured thereunder who are legally entitled to recover compensatory damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

(1) The limits of such uninsured motorist coverage shall be equal to the bodily injury liability limits stated in the policy.

(2) Provided, however, that any named insured **may reject in writing such uninsured motorist coverage** completely or select lower limits of such coverage

but not less than the minimum coverage limits in § 55–12–107. Any document signed by the named insured or legal representative which initially rejects such coverage or selects lower limits shall be binding upon every insured *to whom such policy applies and shall be conclusively presumed to become a part of the policy or contract when issued or delivered, irrespective of whether physically attached thereto....* (Emphasis added)

\* \* \* \* \* \*

The record establishes that Holiday Inn did not reject uninsured motorist coverage in writing when it negotiated its fleet policy with Old Republic. Nevertheless, plaintiffs argue that the affidavit of Holiday Inns' Director of Risk Management, Kirk Jelinck, to the effect that Holiday Inns did not have uninsured motorist coverage creates a disputed issue of determinative fact. We must respectfully disagree with plaintiffs.

Uninsured motorist legislation in this state originated with the 1967 Tennessee Public Acts, Chapter 371. These statutes have been amended on several occasions since that time, but the statutory language pertinent to the rejection of uninsured motorist coverage has existed in only two versions. T.C.A. § 56–1148, a codification of Section 1, Chapter 371, Public Acts of 1967, states concerning rejection:

> ... provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage;

This version of the statute remained in effect until 1982 when the legislature amended the statute, which had subsequently been recodified as T.C.A. § 56–7–1201, to read regarding rejection as follows:

> (a)(2) Provided, however, that any named insured may reject in writing such uninsured motorist coverage completely or select lower limits of such coverage but not less than the minimum coverage limits in Section 55–12–107. Any document signed by the named insured or legal representative which initially rejects such coverage or selects lower limits shall be binding upon every insured to whom

such policy applies and shall be conclusively presumed to become a part of the policy or contract when issued or delivered, irrespective of whether physically attached thereto.

T.C.A. § 56–7–1201(a)(2), 1982 Tenn.Pub. Acts, ch. 835, § 1. This version of the statute was in effect at all times pertinent to this case.

■ The rule of statutory construction to which all others yield is that the intention of the legislature must prevail. *Plough, Inc. v. Premier Pneumatics, Inc.*, 660 S.W.2d 495, 498 (Tenn.App.1983); *City of Humboldt v. Morris*, 579 S.W.2d 860, 863 (Tenn.App.1978). Legislative intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used when read in the context of the entire statute and without any forced or subtle construction to limit or extend the import of the language. *Worrall v. Kroger Company*, 545 S.W.2d 736, 738 (Tenn. 1977); *Plough, Inc. v. Premier Pneumatics, Inc., supra.* When the legislature makes a change in the language of a statute, the general rule is that such change raises a presumption that the legislature intended a departure from the old law. 73 Am.Jur.2d, *Statutes*, § 236, p. 417.

The language of T.C.A. § 56–7–1201 is clear and unequivocal that every automobile liability policy issued for delivery in this state shall include uninsured motorist coverage with limits equal to the bodily injury liability limits, unless the coverage is rejected by the named insured.

■ We are persuaded that when the legislature changed the language in the uninsured motorist statute from "may reject" to "may reject *in writing*" and required the writing to be a part of the policy, the legislature evidenced its intent that the only way to eliminate uninsured motorist coverage was a written rejection as a part of the policy. It is undisputed in the record before us that Old Republic's policy issued to Holiday Inns contains no rejection of uninsured motorist coverage.

We conclude, therefore, that Holiday Inn, not having effectively rejected uninsured

motorist coverage, as required by statute, had uninsured motorist coverage which applied to the van being driven by Dunn at the time of the collision with Hackett.

 As an alternative to the rejection argument, plaintiffs contend that Holiday Inns somehow selected lower limits of coverage pursuant to T.C.A. § 56–7–1201(a) by negotiating a $100,000.00 deductible for all insured losses.

We must disagree with this argument. The deductible in an insured's automobile policy cannot apply to uninsured motorist coverage. The purpose of the uninsured motorist statute is to provide protection for an innocent party by making the insurance carrier stand as the insurer of the uninsured motorist. *Stallcup v. Duncan*, 684 S.W.2d 643 (Tenn.App.1984). As a matter of law, all provisions of the Tennessee uninsured motorist statute are made a part of all insurance policies issued for delivery in Tennessee. See *Hermitage Health and Life Insurance Co. v. Cagle*, 57 Tenn.App. 507, 513, 420 S.W.2d 591, 594 (1967). T.C.A. § 56–7–1201(a)(2) specifically prohibits limits of uninsured motorist coverage lower than the amount required for liability policies under the financial responsibility law in T.C.A. § 55–12–101 et seq., and no fair reading of this law permits the conclusion that an insurance policy's deductible can apply to liability coverage. To allow the deductible to apply to uninsured motorist coverage would be to defeat the purpose of the uninsured motorist statute.

In the case at bar, it is undisputed that Holiday Inns' insurance carrier, Old Republic, is the primary uninsured motorist carrier on the vehicle Dunn was driving and that the Old Republic limits of coverage are far in excess of State Farm's limits.

Accordingly, the order of the trial court granting State Farm's motion for summary judgment is affirmed. The case is remanded to the trial court for such other proceedings as may be necessary and costs of the appeal are assessed against the plaintiffs. The other issue is pretermitted.

TOMLIN, P.J., (W.S.), and FARMER, J., concur.