## IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

---

JAMES R. FRUGE and JANE FRUGE,

    Plaintiffs-Appellants,

Vs.

JOHN DOE and JANE DOE,

    Defendants-Appellees.

Shelby Circuit #49803
C.A. No. 02A01-9408-CV-00198



FILED

October 5, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

---

### FROM THE SHELBY COUNTY CIRCUIT COURT

### THE HONORABLE GEORGE H. BROWN, JR., JUDGE

R. Sadler Bailey of Memphis
For Appellants

Robert M. Fargarson and Martin Zummach of Neely,
Green, Fargarson & Brooke of Memphis
For State Farm Insurance Company

*AFFIRMED AND REMANDED*

Opinion filed:

W. FRANK CRAWFORD, JUDGE

CONCUR:

DAVID R. FARMER, JUDGE

BROOKS MCLEMORE, SPECIAL JUDGE

This appeal involves a suit seeking recovery under the uninsured motorist provision of a liability insurance policy. Plaintiffs, James R. Fruge and Jane Fruge, appeal from the order of the trial court granting summary judgment to the unnamed defendant-appellee, State Farm Insurance Company.

The facts are virtually undisputed. On November 8, 1991, between 6:00 and 6:30 p.m., plaintiffs were involved in a one-car accident that occurred when the automobile driven by Mr. Fruge and in which Mrs. Fruge was a passenger was merging with westbound traffic on the Hernando-DeSoto Bridge in Memphis, Tennessee. As Mr. Fruge was looking left to ascertain whether he could enter the traffic flow safely, Mrs. Fruge suddenly warned him of a stopped automobile in their path of travel. When Mr. Fruge attempted to swerve and avoid the automobile, he lost control of his vehicle, crossed two lanes of traffic, struck the south-side retaining wall of the bridge, and then traveled back across two lanes of westbound traffic. The automobile finally came to rest against the north-side retaining wall. There was no contact between the Fruge automobile and any other vehicle. Both Mr. and Mrs. Fruge sustained personal injuries as a result of the accident.

Pursuant to T.C.A. § 56-7-1206 (b) plaintiffs sued their uninsured motorist carrier, State Farm Insurance Company. On motion for summary judgment, the trial court dismissed the suit, and this appeal ensued. The only issue is whether the trial court erred in granting summary judgment to State Farm.

A trial court should grant a motion for summary judgment only if the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Tenn.R.Civ.P. 56.03; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Dunn v. Hackett*, 833 S.W.2d 78, 80 (Tenn. App. 1992). The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Byrd*, 847 S.W.2d

2

at 210. When a motion for summary judgment is made, the court must consider the motion in the same manner as a motion for directed verdict made at the close of the plaintiff's proof; that is, "the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Id.* at 210-11. In *Byrd*, the Tennessee Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. [citations omitted]. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211. (emphasis in original).

The summary judgment process should only be used as a means of concluding a case when there are no genuine issues of material fact, and the case can be resolved on the legal issues alone. *Id.* at 210 (citing *Bellamy v. Federal Express Corp.*, 749 S.W.2d 31, 33 (Tenn. 1988)). Summary judgment is not to be used as a substitute for a trial of genuine and material factual issues. *Byrd*, 847 S.W.2d at 210 (citing *Blocker v. Regional Medical Ctr.*, 722 S.W.2d 660, 660-61 (Tenn. 1987)). Where a genuine dispute exists as to any material fact or as to the conclusions to be drawn from those facts, a court must deny a motion for summary judgment. *Byrd*, 847 S.W.2d at 211 (citing *Dunn*, 833 S.W.2d at 80).

This case is controlled by T.C.A. § 56-7-1201 (e) (1994), which provides:

> (e) If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, the insured shall have no right to recovery under the uninsured motorist provision unless:
>
> (1)(A) Actual physical contact shall have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured; or

3

(B) The existence of such unknown motorist is established by clear and convincing evidence, other than any evidence provided by occupants in the insured vehicle;

(2) The insured or someone in the insured's behalf shall have reported the accident to the appropriate law enforcement agency within a reasonable time after its occurrence; and

(3) The insured was not negligent in failing to determine the identity of the other vehicle and the owner or operator of the other vehicle at the time of the accident.

In support of its motion for summary judgment, State Farm relies upon the pleadings and plaintiffs' depositions in which plaintiffs state that there was no physical contact between their vehicle and any other vehicle. In response to the motion for summary judgment, plaintiffs' filed the affidavit of W. R. Rutherford, a Memphis police officer who investigated the accident. The affidavit states:

1) My name is Willie Ray Rutherford. I have been employed by the Memphis Police Department as a patrolman for the last twenty six (26) years and have been a member of the motorcycle division since 1975.

2) As part of my job duties with the Memphis Police Department, I am dispatched to various circumstances involving motor vehicles and traffic problems. After arriving on the scene where property damage and/or personal injury has been sustained as a result of the motor vehicle operation, I conduct an investigation of the physical surroundings, observe the automobile/automobiles involved and interview any driver(s) or passenger(s) or the involved vehicle(s) and any witness(es) that could or might have been present. My findings are reduced to written form on a preprinted Tennessee Uniform Traffic Accident form.

3) On November 8, 1991 at approximately 6:45 p.m., a call was received by the Memphis Police Department regarding a traffic problem on or near the Hernando-DeSoto Bridge involving multiple vehicles. I was dispatched and arrived on the scene at approximately 7:00 p.m. Due to the extent of vehicle involvement and the need to clear the roadway as quickly as possible, I called for assistance to secure the scene.

4

4) While completing my routine investigation, I noted the probable source of the resulting collisions to be a brown Ford thunderbird automobile that had apparently ran out of gas and was blocking one or more lanes of westbound traffic. Although vehicles either struck the retaining wall or struck other vehicles, the abandoned automobile was not struck by any of the involved parties. The abandoned automobile was unlicensed, was without a driver and had to be towed from the scene by wrecker so that the roadway could be finally cleared. I was unable to identify the driver of the abandoned vehicle and the vehicle was not claimed before being towed to the City Lot for storage.

5) I prepared at least two accident reports (#7188066 and #7188067) involving the incident. Both reports reference the stalled vehicle in the westbound lanes of traffic with no mention of the name of the driver thereof.

Plaintiffs assert that the Rutherford affidavit creates a genuine issue of material fact that precludes the grant of summary judgment. The plaintiffs argue that even though there was no physical contact between their automobile and the alleged abandoned car, they can prove the existence of the unknown motorist by clear and convincing evidence. Plaintiffs contend that the Rutherford affidavit establishes the existence of an unknown motorist by clear and convincing evidence; therefore, the requirements of T.C.A. § 56-7-1201 (e) are satisfied, and they are entitled to recover from State Farm. We must respectfully disagree.

The affidavit establishes that Officer Rutherford did not arrive on the scene of the accident that he was investigating until approximately 7 p.m. Plaintiffs established the time of their accident between 6:00 and 6:30 p.m. Therefore, there was at least a time differential of thirty minutes from the time of the accident to the time that Rutherford observed an unoccupied vehicle near the accident scene. Since Officer Rutherford had no personal knowledge of the cause of the accident, his conclusion as to the cause is not admissible evidence under Tenn.R.Evid. 602; therefore, it cannot be considered in connection with

5

the motion for summary judgment. Tenn.R.Civ.P. 56.05.

To determine what an insured is required to show to satisfy T.C.A. § 56-7-1201 (e) necessitates a construction of the statute. The rule of statutory construction to which all others must yield is that the intention of the legislature must prevail. *Plough, Inc. v. Premier Pneumatics, Inc.*, 660 S.W.2d 495, 498 (Tenn. App. 1983); *City of Humboldt v. Morris*, 579 S.W.2d 860, 863 (Tenn. App. 1978). "[L}egislative intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used, when read in the context of the entire statute, without any forced or subtle construction to limit or extend the import of the language." *Worrall v. Kroger Co.*, 545 S.W.2d 736, 738 (Tenn. 1977). The Court has a duty to construe a statute so that no part will be inoperative, superfluous, void or insignificant. The Court must give effect to every word, phrase, clause, and sentence of the Act in order to achieve the Legislature's intent, and it must construe a statute so that no section will destroy another. *City of Caryville v. Campbell County*, 660 S.W.2d 510, 512 (Tenn. App. 1983); *Tidwell v. Collins*, 522 S.W.2d 674, 676 (Tenn. 1975).

Prior to 1989, an insured could recover uninsured motorist benefits under Tennessee's uninsured motorist statute only if there was actual physical contact between the "phantom" automobile and the insured/insured's automobile. Obviously, the physical contact requirement was an effort on the part of the Legislature to prevent fraudulent claims by preventing an insured from alleging that the negligence of some "phantom" driver caused the insured's one-car accident, when in fact, the sole cause of the accident was the negligence of the insured. In 1989, the Legislature apparently recognized that there would be cases where "phantom" vehicles did in fact cause the insured's injuries, but the "phantom" vehicle did not actually make contact with the insured/insured's automobile. In an effort to prevent legitimate uninsured motorist claims from being denied in these cases, the Legislature added § (e)(1)(B) to T.C.A. § 56-7-

6

1201.

The statute, as it now exists, requires the insured to establish "the existence of such unknown motorist [the unknown motorist that *caused* injury to the insured] . . . by clear and convincing evidence, other than any evidence provided by occupants in the insured vehicle." In our opinion the statute is clear in its requirements that the insured prove by clear and convincing evidence both the existence of the "phantom" vehicle, and that the "phantom" vehicle caused the injuries to the insured.

In the instant case, the affidavit of Officer Rutherford does not, in our opinion, prove by clear and convincing evidence the existence of an abandoned automobile that caused the Fruges's injuries. The part of the affidavit which is admissible into evidence establishes, at most, that at approximately 7 p.m. there was a vehicle blocking part of the roadway near the vicinity of the accident. There is no evidence, other than that from the plaintiffs (the occupants of the insured vehicle), that there was an unattended, unlighted vehicle blocking traffic lanes at 6:30 p.m. which caused the accident.[1]

While we recognize that the Fruges's account of the accident is plausible, the stringent requirements of proof established by the Legislature preclude a holding that would provide for uninsured motorist benefits in this case. Accordingly, the order of the trial court granting summary judgment to State Farm Insurance Company is affirmed. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellants.

———————————————————
W. FRANK CRAWFORD, JUDGE

---

[1]It appears from the plaintiffs' depositions that there was a motorist present at the time of the collision that could have established the existence of unknown operator or driver that caused an abandoned vehicle to be left in a dangerous position near the accident scene, but no proof was presented from this person.

CONCUR:

_____
DAVID R. FARMER, JUDGE


_____
BROOKS MCLEMORE, SPECIAL JUDGE

BROOKS MCLEMORE, SPECIAL JUDGE