IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE
_____

**THOMAS A. DRIBER, Ph.D.,**

    Plaintiff-Appellant,

                                Davidson Chancery No. 93-3002-II

Vs.                                C.A. No. 01A01-9607-CH-00310

**PHYSICIANS HEALTH CARE, INC.,
PHC, INC., d/b/a MILESTONE HEALTH
SERVICES, Z-2 CORPORATION, and
Z CORPORATION,**

    Defendants-Appellees.
_____

FROM THE CHANCERY COURT OF DAVIDSON COUNTY
THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR


J. P. Barfield of Nashville
For Appellant

Robert E. Boston of
Waller, Lansden, Dortch & Davis in Nashville
For Appellees


*DISMISSED IN PART, AFFIRMED IN PART*

Opinion filed:



**FILED**

**February 12, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**DAVID R. FARMER, JUDGE**

**HOLLY KIRBY LILLARD, JUDGE**

Plaintiff, Thomas J. Driber, Ph.D., appeals from the order of the trial court granting summary judgment to the defendant. The case is before this Court for the third time because of previous procedural defects.

Basically the case involves a suit for damages for the alleged breach of an employment agreement and a counter-claim by defendant to recover on a promissory note.

On June 2, 1992, Southern Medical Imaging, Inc. (hereinafter SMI) entered into an Asset Purchase Agreement with Columbia Diagnostic Associates (CDA), a wholly owned subsidiary of Physicians Health Care, Inc. (PHC), whereby SMI agreed to transfer most of its assets to CDA. Plaintiff, Thomas J. Driber, President of SMI, signed the agreement on behalf of SMI, and Albert Ganier, III, Treasurer and Secretary of CDA, signed the agreement on behalf of CDA. As part of the Asset Purchase Agreement, it was agreed that Driber would be employed by PHC pursuant to the terms and conditions of a written employment and noncompetition agreement which, in fact, was signed on June 2, 1992. Under the terms of the employment agreement, Driber agreed to serve as vice president of PHC, and he agreed to perform the services assigned to him by Ganier, PHC's president, including services for PHC's subsidiary and affiliated companies. Also on June 2, 1992, Driber executed a promissory note in favor of PHC in the amount of $20,000.00, which note was conditioned upon CDA meeting certain specified earnings goals.

In September 1993, Driber's employment was terminated, and on October 14, 1993, Driber filed a complaint in this case alleging breach of employment contract against defendants, Physicians Health Care, Inc.; PHC, Inc. d/b/a Milestone Health Services; Z-2 Corporation and Z Corporation. An amended complaint was filed pursuant to court order restating the claims against Z Corporation and Z-2 Corporation. PHC filed an answer to the complaint and a counter-claim against Driber for the balance due on the promissory note Driber had executed in its favor. At some point, PHC changed its name to Milestone Health Services, Inc., and Milestone subsequently was allowed to file an amended counter-claim against Driber alleging libelous and defamatory statements, and Milestone was also permitted to add Dawn Neville by cross-claim alleging libelous and defamatory statements made by Neville against Milestone.

By order entered September 28, 1994, the trial court granted Milestone's motion for summary judgment on its original counterclaim for enforcement of the promissory note. The trial court also determined that Milestone was entitled to attorneys' fees and costs incurred in connection with its original counterclaim to enforce the promissory note and directed Milestone's attorney to file an affidavit regarding said amounts. The trial court incorporated into the September 28 order the "magic language" of Rule 54.02 Tenn.R.Civ.P. making it a final judgment as to Driber's liability on the promissory note.

The Z defendants and Milestone each moved for summary judgment as to all of Driber's claims on December 13, 1994. By order entered February 1, 1995, the trial court granted the motions for summary judgment that had been filed by Milestone, Z Corporation and Z-2 Corporation and dismissed all of Driber's claims against said defendants. In the same order, the trial court awarded attorneys' fees incurred in connection with the enforcement of the promissory note. Driber filed a notice of appeal on February 17, 1995, appealing the February 1 order.

The trial court's February 1 order did not dispose of Milestone's counterclaim against Driber for libel and defamation or its claim against Dawn Neville, nor was it made final pursuant to Tenn.R.Civ.P. 54.02. Therefore, by Order entered April 4, 1995, this Court dismissed the appeal for Driber's failure to appeal from a final judgment under Rule 3 T.R.A.P.

After remand, Milestone filed a motion for summary judgment on its counterclaim against Driber for libel and defamation and its claim against Dawn Neville. The trial court granted Milestone's motion for summary judgment on October 16, 1995, but reserved the issue of damages and attorneys' fees to a later date. On November 3, 1995, Driber filed a notice of appeal from the trial court's October 16, 1995 order granting summary judgment. Because the October 16 order had expressly reserved the issue of damages and attorneys' fees for later determination and because the order had not been made final under Rule 54.02, Tenn.R.Civ.P., this Court again was compelled to dismiss the appeal for failure to appeal from a final judgment by order filed November 23, 1995. Thereafter, Milestone voluntarily dismissed its counterclaim against Neville for libel and defamation.

On January 12, 1996, Milestone filed a motion for attorneys' fees and costs incurred in

defending Driber's claims for breach of the employment contract. By "Memorandum and Order" filed January 22, 1996, the trial court denied Milestone's motion for attorneys' fees and costs relating to defense of the breach of employment contract claim. For reasons discussed below, that order would have dismissed all remaining claims and would have been a final judgment had it been properly entered.       On March 18, 1996, Driber filed a "Motion For A Final Order" pursuant to Rule 54, Tenn.R.Civ.P., and Milestone filed a response and a proposed order. The trial court, on April 18, 1996, entered the order submitted by Milestone which was styled, "Final Judgment On All Claims For Relief In This Civil Action Except The Promissory Note Claims For Which A Final Judgment Has Already Been Entered." That order purported to "finalize" all remaining claims, except Milestone's claim against Driber on the promissory note which had been rendered final pursuant to Rule 54.02 in September 1994. Driber has now appealed from the trial court's order entered April 18, 1996 and presents three issues for review:

> I. Whether the trial court erred in granting Milestone's motion for summary judgment as to Driber's claims.
>
> II. Whether the trial court erred in granting the motion for summary judgment filed by Z Corporation and Z-2 Corporation.
>
> III. Whether the trial court's April 18, 1996 order was in error in ruling that its order entered September 28, 1994 was a final judgment under Rule 54, Tenn.R.Civ.P.

We will first consider Driber's third issue. Driber asserts that the September 28, 1994 order was not a final order and therefore could not have been appealed earlier than May 17, 1996. Driber argues that the order was interlocutory because it did not adjudicate all the claims or the rights and liabilities of all the parties and did not contain the required language of Rule 54.02, Tenn.R.Civ.P., to make it final and appealable. We find Driber's assertion to be without merit.

Rule 3, T.R.A.P., which pertains to the appeal of a final judgment to this Court, states in pertinent part:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the . . . Court of Appeals is appealable as of right. Except as otherwise permitted in . . . Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that

4

adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties. (emphasis added).

Rule 54.02, Tenn.R.Civ.P., provides in pertinent part:

When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. (emphasis added).

Specific compliance with the requirements of Rule 54.02 is mandatory in order to make an interlocutory order a final order appealable as of right to this Court. Our Supreme Court held in *Fox v. Fox*, 657 S.W.2d 747 (Tenn. 1983), that an absolute prerequisite to appeal was the certification by the trial court that it had directed the entry of a final judgment and that it had made the determination that there was no just reason for delay. In the absence of such direction and determination, an order is interlocutory and may be revised at any time before entry of an order adjudicating all the claims and the rights and liabilities of all parties. *Id.* at 749.

In the instant case, the September 28, 1994 order expressly stated in relevant part,

The Court finds that there is no just reason for delay and that the action as it relates to said counterclaim should be terminated between Driber and Milestone. Therefore, it is further ordered that the Clerk and Master enter final judgment in Milestone's favor, pursuant to Rule 54 of the Tennessee Rules of Civil Procedure, against Driber on the original counterclaim for breach of his promissory note . . . the court expressly determining pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure that there is no just reason for delay and that said final judgment should be entered. (emphasis added).

Contrary to Driber's position, we find that the language contained in the trial court's September 28, 1994 order complies with the stringent requirements of Rule 54.02, Tenn.R.Civ.P., as interpreted by the Supreme Court in *Fox v. Fox*. The trial court expressly determined not once but twice that there was no just reason for delay and directed the entry of a final judgment. Driber maintains that the order is flawed because the trial court ordered the Clerk and Master to enter the judgment, and the trial court clerk is without authority to direct

5

entry of judgments. This argument is wholly without merit. Rule 58, Tenn.R.Civ.P., sets forth the requirements for entry of judgment and provides that entry of judgment is effective upon certain actions having been taken by the clerk. Accordingly, we find that the trial court's September 28, 1994 order granting summary judgment in favor of Milestone for recovery on the promissory note is a final judgment under Rule 54.02, Tenn.R.Civ.P. Driber did not appeal said judgment within 30 days as required by Rule 4(a), T.R.A.P. Therefore, an attempt to appeal said order by the notice of appeal filed on May 17, 1996 is untimely. The appeal as to this issue is dismissed with prejudice for failure to appeal timely from entry of a final judgment.

The Court now turns its attention to the question of whether the trial court erred in granting summary judgment in favor of Milestone and the Z Corporations. We first note, however, a question as to the finality of the so-called final judgment. Milestone filed a motion requesting attorneys' fees pursuant to the employment contract on January 12, 1996, and the trial court denied the motion by order noted in the record as filed and entered on January 22, 1996. Rule 58, Tenn.R.Civ.P., provides in pertinent part:

> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
> (1) the signatures of the judge and all parties or counsel, or
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

The trial court's January 22, 1996 order does not comply with Rule 58. The chancellor signed the order, but it has no signatures of counsel nor any certificate of service. Without compliance with Rule 58, there is no effective filing date. *See Grantham v. Tennessee State Bd. of Equalization*, 794 S.W.2d 751 (Tenn. App. 1990). Since the order from which the appeal is taken does not dispose of the attorneys' fees issue, the attorneys' fee question is technically still not resolved. Parenthetically, we note that it appears the resolution of the attorney fees' question in the January 12, 1996 order would have effectively disposed of all claims and therefore would have been the final judgment from which appeal should have been taken. Nonetheless, it appears to the Court that Milestone's request for attorneys' fees and costs was not part of the pleadings,

but rather was a post-hearing motion filed almost one year after entry of the order granting defendants summary judgment on the underlying issue. Therefore, rather than dismiss the appeal for a third time on this basis, the Court finds it to be in the interests of judicial economy and efficiency to treat the question of attorneys' fees as a non-issue, to permit the appeal to proceed, and to address the issues raised by Driber.

Driber asserts that the trial court erred in granting defendants' motions for summary judgment because there existed genuine issues of material fact to preclude summary judgment. After examination of the record before the Court, we find that the trial court properly granted summary judgment as to the defendants.

A trial court should grant a motion for summary judgment only if the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Tenn.R.Civ.P. 56.03; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Dunn v. Hackett*, 833 S.W.2d 78, 80 (Tenn. App. 1992). The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Byrd*, 847 S.W.2d at 210. On a motion for summary judgment, the court must consider the motion in the same manner as a motion for directed verdict made at the close of the plaintiff's proof; that is, "the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Id*. at 210-211. In *Byrd*, the Tennessee Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id*. at 211. (citations omitted, emphasis in original). Where a genuine dispute exists as to any material fact or as to the conclusions to be drawn from those facts, a court must deny a motion for summary judgment. *Byrd*, 847 S.W.2d at 211 (citing *Dunn*, 833 S.W.2d at 80).

The employment agreement that is the subject of the breach of contract claim was executed between Driber and PHC, later known as Milestone. The agreement provided that in

7

exchange for salary and other consideration, Driber was to serve as vice-president of PHC and was to perform whatever employment duties were assigned to him by Ganier. The employment agreement provided in relevant part:

> Prior to the end of the Employment Term, the Corporation may immediately discharge Employee for cause and terminate this Agreement without any further liability hereunder to Employee or his estate. . . . For purposes of this Agreement, a "discharge for cause" shall mean <u>a discharge resulting from a determination by the President that Employee . . . has willfully or grossly negligently neglected his duties, or willfully failed to follow the Corporation's policies and directives from persons to whom Employee reports.</u>
> (emphasis added).

Ganier terminated Driber's employment. Ganier's affidavit filed in support of the motion for summary judgment stated in relevant part:

> I determined that Driber had both willfully and in a grossly negligent fashion neglected his duties and willfully failed to follow company policies and directives given to him by me or at my express direction.

Ganier also stated in his affidavit that he had terminated Driber's employment pursuant to the terms of the contract and in his capacity as president of the company and as one of the persons to whom Driber reported. Ganier stated that the decision was a "discharge for cause" as contemplated in the employment agreement and was made in the best interests of the company. Examination of the record on appeal reveals that Driber did not refute the statements made by Ganier. In fact, the record is devoid of any response filed by Driber addressing the motions for summary judgment on this issue. In his brief, Driber asserts that there exists a genuine issue of material fact as shown by the testimony of Martin Johnson in his discovery deposition. Johnson was the owner of Ultra Imaging which purchased the assets of Columbia Diagnostic from Milestone in August 1993. In his February 24, 1994 deposition, Johnson testified:

> Q.     Mr. Johnson, did Al Ganier at any time during the possible negotiations of PHC Diagnostic Services, did he say to you, "Don't worry about Tom Driber. I can get rid of him at any time."
>
> A.     He didn't say he could get rid of him at any time. He said that Tom didn't have to be there, is what he told me. . . . When I went down, when I paid him for -- took him a check for Columbia, he and I were talking about the mobile service. And that's when I asked the question, "Well, what about Tom and the

8

other employees?" And
he said, "Well, we don't necessarily have to keep Tom."

Driber attempts to demonstrate a disputed issue of fact through an inference, by casting doubt on Ganier's true motive in discharging him. However, accepting Johnson's testimony as true, we do not construe the testimony to imply that Driber would be discharged from his employment in breach of the contract.

It appears to the Court that the deposition testimony upon which Driber relies is insufficient to create a disputed issue of material fact in order to overcome summary judgment. The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 249-255, 106 S.Ct. 2505, 2511-2513 (1986). **See also Byrd**, 847 S.W.2d at 212. Driber seeks to demonstrate a disputed issue of fact by means of an inference that there was another motive behind his discharge. Johnson's testimony neither addresses nor rebuts the primary issue in this case, that is, whether Driber was discharged for cause. Moreover, it is rather significant that Driber does not deny Ganier's affidavit statements. Regardless of whether other motives for the discharge existed, the unrebutted and unrefuted evidence established that Milestone discharged Driber for cause under the terms of the employment contract. In the absence of any countervailing evidence directly addressing the "just cause" issue, we are compelled to find that the trial court properly granted summary judgment in favor of Milestone. Furthermore, we find that the trial court properly granted summary judgment in favor of defendants Z Corporation and Z-2 Corporation because the liability of the Z defendants was predicated on a finding of liability of Milestone.

Therefore, the appeal from the September 28, 1994 order of the trial court is dismissed for failure to timely file a notice of appeal. The order of the trial court granting summary judgment to defendants is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant.

 

 

 

 

                                  _____

                                  **W. FRANK CRAWFORD,**
                                  **PRESIDING JUDGE, W.S.**

**CONCUR:**

_____

**DAVID R. FARMER, JUDGE**

_____

**HOLLY KIRBY LILLARD, JUDGE**