IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

_____

**ELIZABETH BOONE BATES,**

    Plaintiff-Appellee,

Vs.

**ROBERT C. BATES,**

    Defendant-Appellant.

FROM THE SHELBY COUNTY
CHANCERY COURT, No. D-27170
THE HON. D. J. ALISSANDRATOS,
CHANCELLOR
*VACATED AND REMANDED*
C.A. No.  02A01-9708-CH-00185

Kay Farese Turner, William E.
Miller of Memphis, For Appellee

J. Alan Hanover, James R. Newsom III
of Memphis, For Appellant



**FILED**

**March 10, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

MEMORANDUM OPINION[1]
_____

*CRAWFORD, J.*

Petitioner, Robert C. Bates, appeals from the order of the trial court dismissing his petition filed pursuant to Tenn.R.Civ.P. 60.02 to set aside or modify the final decree of divorce as it pertains to the marital dissolution agreement incorporated in the decree.

Robert Bates (Husband) and Elizabeth Bates (Wife) had been married for almost twenty years when Wife filed for divorce in April 1996 on the grounds of adultery, inappropriate marital conduct and irreconcilable differences. Approximately three months later, the parties discharged their respective counsel and hired Alan Harkavy, Husband's real estate attorney,  to draft a Marital Dissolution Agreement (MDA) for the parties.  After explaining the possible conflict of interest problems, Mr. Harkavy drafted the MDA in accordance with the parties instructions. The MDA, dated July 19, 1996, provides in part that Wife is to receive title to the marital residence, with Husband remaining responsible for the mortgage payments plus all taxes, maintenance, insurance, and utilities until such time as Wife decides to sell the home.  In the event of a sale, the proceeds are to be divided equally between the parties. The MDA also provides that all real estate investment property owned by Husband is to be transferred to NAB,

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

L.L.C., a company owned 50% by Wife and 50% by Husband. Furthermore, Husband agreed to transfer to this company all real property acquired by him in the future until Wife remarries. Wife also received half of Husband's $100,000 stock portfolio. The MDA further provides: (1) alimony to Wife of $5,000 per month, (2) that Husband is to pay for Wife's BMW until expiration of the lease and then provide a $1,000 per month car allowance thereafter, (3) that Husband would pay for Wife's medical insurance plus any conceivable medical expenses not covered by insurance, and (4) that Husband would maintain a $5.7 million life insurance policy with Wife designated as beneficiary. The alimony payments of $5,000 per month plus the $1,000 car allowance "will terminate upon the death of Wife but not upon her remarriage." The MDA recites that "[t]his Agreement contains the entire understanding and agreement between the parties and any modification hereof will not be effective unless in writing and executed by both parties."

The final decree of divorce entered on August 29, 1996 granted Wife an absolute divorce on the ground of irreconcilable differences and incorporated the MDA by reference. Approximately six months after entry of the final decree, Husband filed a Petition to Set Aside or Modify Final Decree of Divorce pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure alleging that he had been induced to enter into the MDA by fraudulent representations made by Wife. The petition alleges in part:

> 2. Your petitioner would show that at that time he wanted to save his marriage and believed the respondent when she told him that they did not need the counsel that they had; that they could get someone else to draw up the necessary papers, including a marital dissolution agreement. Your petitioner would respectfully show to the Court that during this period of time the respondent, repeatedly and in front of others, promised him that if he would execute the marital dissolution agreement which had been prepared by another attorney, they would make a "fresh start" and continue to live as husband and wife.
>
> 3. Your petitioner would show to the Court that those promises were made by the respondent without any intention whatsoever of fulfilling them, because at that time she was committing adultery with at least one other individual and that said promises were made with fraudulent intent to induce him to discharge his counsel and sign the marital dissolution agreement on July 19, 1996, that is of record in this cause.
>
> 4. That after such fraudulent conduct on the part of the respondent, she refused to keep her promise and continued on

with the divorce.

5. Your petitioner would show to the Court that said agreement is unfair, unjust, and was calculated to overreach him under the circumstances set out above.

6. Your petitioner would further show to the Court that the alimony award provided for in said marital dissolution agreement which he was induced to grant respondent by means of the fraud hereinabove set forth should also be suspended in accordance with section 36-5-101(a)(3) because the respondent is living with a third person within the meaning of said act, thereby creating the rebuttable presumption set forth therein.

In his brief, Husband alleges that Wife stated that if he would sign the MDA, they could "put the baggage behind them" and "get a fresh start and get back together"; "that it was time to sign the papers and that if he would sign them they would go to the Peabody and have a good time, make a night of it, put the baggage behind them and start over fresh."

In conjunction with his Petition, Husband also filed a Notice to Take Deposition of Wife. Before Wife filed a response to the Petition, Husband learned that Wife had remarried. Husband filed an amendment to his Petition, alleging that Wife had married R.D. Childress and moved into his home in Grenada, Mississippi. The amendment further alleges that Wife was allowing "two female individuals" to live in the home in Eads, Tennessee and drive the BMW that Husband was paying for. Wife filed a Motion to Dismiss Petition of Husband pursuant to Tenn.R.Civ.P. 12.02(6) and also filed a Motion for Protective Order to avoid the requested deposition until after her motion to dismiss was heard. Wife also filed a Motion to Quash Subpoena to Take Deposition, alleging that Husband's deposition request was unreasonable and oppressive and that it required the production of documents not relevant to the allegations. The trial court entered an order directing Husband to amend his Petition and provide a detailed sworn statement of the alleged misrepresentations which were made to induce him to sign the agreement. Husband was also ordered to provide the names of corroborating witnesses. The order states:

Following such sworn amendment, the Petitioner [Husband] shall depose such witnesses named therein. After which time, the Respondent [Wife] shall be given the right to depose the Petitioner regarding such allegations.

\*          \*          \*          \*

3

> After the witnesses and the Petitioner's depositions have been taken, the Petitioner shall then be allowed to depose the Respondent concerning such allegations and averments and such deposition shall be limited to the narrow issue of what the Petitioner claims are the specific statements of which induced him to enter into the Marital Dissolution Agreement and to allow and agree to the entry of Final Decree of Divorce by this Court.

Following a motion for clarification filed by Husband, the trial court issued an Order on Discovery Procedure. This order further restricted Husband's right to discovery as follows:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that after the filing of said amendment counsel for the respondent, should she choose to do so, shall be permitted to take the depositions of all the said affiants prior to petitioner being permitted to take the deposition of the respondent *or respondent may proceed as she deems proper regarding her motion to dismiss.* (emphasis added).

Husband argues that since Wife was given the option of proceeding with her Motion, this resulted in his being unable to depose Wife, or conduct any other discovery, prior to the hearing on the motion. In a rather unusual hearing on the motion, Wife introduced oral testimony of Alan Harkavy, the attorney who drafted the MDA, and David Caywood, the attorney who represented Husband prior to being discharged. The trial court granted Wife's Motion to Dismiss the Petition to Set Aside or Modify Final Decree of Divorce after considering "the testimony of witnesses and the entire record." The trial court apparently chose to treat the motion as a motion for summary judgment since extrinsic evidence was considered. *See Hixson v. Stickley*, 493 S.W.2d 471, 473 (Tenn. 1973) ("[O]n a motion [to dismiss] extraneous matter may not be considered if the court excludes it, but if the court does not exclude such material the motion *shall* be treated as a motion for summary judgment and disposed of as provided in Rule 56.")

Husband appeals the order of the trial court asserting that it was error to dismiss his petition before allowing him the opportunity to depose Wife on the issue of the alleged fraudulent representations made by her to induce him to sign the MDA.

A trial court should grant a motion for summary judgment only if the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Tenn.R.Civ.P. 56.03; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Dunn v. Hackett*, 833 S.W.2d 78, 80 (Tenn. App. 1992). The party moving for

4

summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Byrd*, 847 S.W.2d at 211. "In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial." *Id*. However, when a motion to dismiss is treated as one for summary judgment, the requirement to set forth specific facts presupposes that the party opposing the motion has been "given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." T.R.C.P. 12.02.

In the instant case, Husband was denied the opportunity to depose Wife and we believe that it was an abuse of discretion to deny the requested deposition. "The Tennessee Rules of Civil Procedure embody a broad policy favoring the discovery of any relevant, non-privileged evidence." *Duncan v. Duncan*, 789 S.W.2d 557, 560 (Tenn. App. 1990). A "party opposing discovery must demonstrate with more than conclusory statements and generalizations that the discovery limitations being sought are necessary 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*. at 561 (quoting Tenn.R.Civ.P. 26.03). Furthermore, "[a] trial court should decline to limit discovery if the party seeking the limitations cannot produce specific facts to support its request." *Id*. In her Motion for Protective Order, Wife stated:

> Requiring Respondent to answer or respond to any discovery method used by Petitioner, including the Notice to Take Deposition Duces Tecum, prior to a hearing on the Motion to Dismiss the Petition, would be annoying, embarrassing, oppressive, and an undue financial and emotional burden on the Respondent.

The record contains no specific facts which would warrant the restrictions placed upon discovery by the trial court. Husband should be allowed to take the deposition of the party opponent who allegedly uttered the words that he claims fraudulently induced him to execute the MDA.

In any event, upon review of the affidavits filed in support of Husband's petition, we hold that even without the deposition of Wife, there could be a genuine issue of material fact on the issue of fraudulent inducement. Furthermore, we are persuaded by authority which holds that as a general rule summary judgment is not an appropriate procedure for disposition of a fraud claim. *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 499 (Tenn. 1978). In any event,

Husband must first be accorded the opportunity to obtain adequate discovery to properly oppose Wife's motion.

We hold that the trial court abused its discretion in allowing Wife to proceed with her motion to dismiss before allowing Husband to take her deposition in support of his Petition to Set Aside. On remand, however, the court can place reasonable restrictions on Husband's right to discovery.

The order of the trial court is vacated, and the case is remanded for further proceedings in accordance with this opinion. Costs of the appeal are assessed against the appellee.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**


_____
**DAVID R. FARMER, JUDGE**


_____
**HEWITT P. TOMLIN, JR.**
**SENIOR JUDGE**