## IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

_____

|  |  |  |
|---|---|---|
| **RANDALL RAY FLEMING**, | ) | Madison County Circuit Court |
|  | ) | Nos. C-96-117 and C-96-122 |
| Plaintiff/Appellee. | ) |  |
|  | ) |  |
| VS. | ) |  |
|  | ) |  |
| **JACQUELINE YI**, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
| AND | ) | C.A. No. 02A01-9706-CV-00129 |
|  | ) |  |
| **JACK DAVIS, JR.**, | ) |  |
|  | ) |  |
| Plaintiff/Appellee, | ) |  |
|  | ) |  |
| VS. | ) |  |
|  | ) |  |
| **JACQUELINE YI**, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

FILED

**May 15, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

From the Circuit Court of Madison County at Jackson.
**Honorable Whit LaFon, Judge**

**Robert V. Redding**, WALDROP & HALL, P.A., Jackson, Tennessee
Attorney for Appellant Haulers Insurance Company, Inc.

**Floyd S. Flippin**
**B. Chadwick Rickman**
ADAMS, RYAL & FLIPPIN, Humboldt, Tennessee
Attorneys for Defendant Jacqueline Yi.

**Thomas A. Travaglini**, Madison, Tennessee
Attorney for Plaintiff/Appellee Randall Fleming.

**R. N. (Bo) Taylor**, Goodlettsville, Tennessee
Attorney for Plaintiff/Appellee Jack Davis, Jr.
Attorney for Plaintiff/Appellee.

OPINION FILED:

**AFFIRMED AND REMANDED**

**FARMER, J.**

**LILLARD, J.**: (Concurs)
**TOMLIN, Sr. J.**: (Concurs)

We granted the parties' joint Rule 9 T.R.A.P. application to determine the validity of a provision contained in an automobile insurance policy issued by Appellant Haulers Insurance Company. The provision at issue purported to limit the amount of uninsured/underinsured motorist coverage available to an injured insured in certain cases to "the highest limit of uninsured motorists coverage on an auto owned by the insured." Inasmuch as the named insured, Value Auto Mart, Inc., did not select lower limits of such coverage in writing as required by this state's uninsured/underinsured motorist statutes, we conclude that the provision is invalid and, thus, we affirm the trial court's order denying Haulers' motion for summary judgment on this issue.

For purposes of these summary judgment proceedings, the following facts were undisputed. In April 1995, Plaintiff/Appellee Randall Ray Fleming was involved in an automobile accident while he was driving an automobile owned by the named insured, Auto Mart. Plaintiff/Appellee Jack Davis, Jr., was a passenger in the Auto Mart automobile. The driver of the other automobile, Defendant/Appellee Jacqueline Yi, was allegedly at fault in the accident. Yi, however, was considered to be an underinsured motorist because her automobile insurance policy provided for the minimum uninsured/underinsured motorist coverages of $25,000 per person and $50,000 per accident. *See* T.C.A. §§ 55-12-102(12)(C)(ii), 55-12-107(a) (1993). Accordingly, Fleming and Davis sought to recover their respective damages under the uninsured/underinsured motorist (UM) provisions of Auto Mart's automobile insurance policy. Neither Fleming nor Davis had an individual automobile insurance policy.

Auto Mart's policy, as issued by Haulers, provided both liability and UM coverages in the amount of $300,000. As pertinent, however, the policy purported to limit the amount of UM coverage available when an insured was injured while occupying an automobile not owned by the insured. Specifically, the policy contained the following provision:

> D.    LIMIT OF INSURANCE
>
>        . . . .
>
>        2.    The most we will pay for all damages resulting from
>              "bodily injury" to an "insured" when the "insured" is
>              "occupying" an "auto" not owned by the "insured," or
>              is not "occupying" any "auto," is the highest limit of
>              uninsured motorists coverage on an "auto" owned by

the "insured."

Citing this policy provision, Haulers denied UM coverage to Fleming and Davis and moved for summary judgment on the coverage issue. For purposes of its summary judgment motion, Haulers conceded that both Fleming and Davis met the definition of an "insured" under the policy, and that both insureds sustained damages in excess of the amount available under Yi's policy. Haulers contended, however, that neither Fleming nor Davis were covered under Auto Mart's policy because neither insured had UM coverage on a self-owned automobile. The trial court denied Haulers' motion for summary judgment, thus precipitating this Rule 9 application.

In Tennessee, the law is well-established that "any statute applicable to an insurance policy becomes part of the policy and such statutory provisions override and supersede anything in the policy repugnant to the provisions of the statute." *Hermitage Health & Life Ins. Co. v. Cagle*, 420 S.W.2d 591, 594 (Tenn. App. 1967). In this regard, all provisions of this state's UM statutes, as a matter of law, become provisions of all automobile insurance policies issued for delivery in Tennessee. *Dunn v. Hackett*, 833 S.W.2d 78, 82 (Tenn. App. 1992). Where there is a conflict between a statutory provision and a policy provision, the statutory provision must prevail. *Id*. This appeal, therefore, requires us to determine whether the policy provision at issue violates this state's UM statutes.

As we stated in *Dunn v. Hackett*, 833 S.W.2d 78 (Tenn. App. 1992), the language of the UM statutes "is clear and unequivocal that every automobile liability policy issued for delivery in this state shall include uninsured motorist coverage with limits equal to the bodily injury liability limits, unless the coverage is rejected by the named insured." *Dunn v. Hackett*, 833 S.W.2d at 81 (citing T.C.A. § 56-7-1201).[1] Under the UM statutes, a named insured may reject UM coverage or select UM limits which are lower than a policy's liability limits. *See* T.C.A. § 56-7-1201(a)(2) (1994).[2] In order to do so, however, the insured must reject such coverage or select such lower limits

---

[1]*See* T.C.A. § 56-7-1201(a)(1) (1994) (providing that the limits of UM coverage "shall be equal to the bodily injury liability limits stated in the policy").

[2]Section 56-7-1201(a)(2) provides that

[A]ny named insured may reject in writing such uninsured motorist

in writing, and the writing must be made a part of the policy. ***Dunn v. Hackett***, 833 S.W.2d at 81. This writing is the only way that a named insured may eliminate or reduce a policy's UM coverage. ***Id***.

In ***Dunn v. Hackett***, the provisions of the subject automobile insurance policy did not expressly include UM coverage for vehicles based in Tennessee. ***Dunn v. Hackett***, 833 S.W.2d at 80. Nevertheless, this court held that the policy provided UM coverage because the named insured, Holiday Inns, had not effectively rejected UM coverage as required by the UM statutes. ***Id***. at 81. We similarly conclude that the policy issued by Haulers in this case provides UM coverage in an amount equal to the policy's liability limits, $300,000. As required by law, the subject policy initially provided UM coverage with limits equal to the policy's liability limits, $300,000; however, the policy then purported to lower the $300,000 limits of UM coverage in certain situations, such as when the injured insured was not occupying an automobile owned by the insured or when the injured insured was not occupying any automobile. The record contains no evidence that the named insured, Auto Mart, ever signed any document selecting UM limits which were lower than the policy's $300,000 liability limits, nor does the record contain evidence that Auto Mart signed any document signifying its understanding that the policy provided for lower UM limits in certain situations. In accordance with ***Dunn v. Hackett***, therefore, we hold that the policy provision at issue does not effectively lower the policy's UM limits in the described situations.

In contending that the trial court erred in denying its motion for summary judgment, Haulers cites several cases in which the courts of this state upheld policy provisions which excluded UM coverage in certain situations or provisions which reduced an insured's recovery by amounts received from other sources. ***See Dockins v. Balboa Ins. Co.***, 764 S.W.2d 529, 529 (Tenn. 1989) (upholding policy provision which excluded coverage for "damages because of bodily injury caused

_____

coverage completely or select lower limits of such coverage but not less than the minimum coverage limits in § 55-12-107. Any document signed by the named insured or legal representative which initially rejects such coverage or selects lower limits shall be binding upon every insured to whom such policy applies, and shall be conclusively presumed to become a part of the policy or contract when issued or delivered, irrespective of whether physically attached thereto. . . .

T.C.A. § 56-7-1201(a)(2) (1994).

by a motor vehicle owned by [the insured] or a family member"); ***Rutherford v. Tennessee Farmers Mut. Ins. Co.***, 608 S.W.2d 843, 845 (Tenn. 1980) (noting validity of provision which excluded coverage for "bodily injury or other damages with respect to which the insured had, without written consent of the company, made settlement with any person legally liable therefor"); ***Hill v. Nationwide Mut. Ins. Co.***, 535 S.W.2d 327, 329 (Tenn. 1976) (upholding provision which excluded coverage for bodily injury to an insured while riding in another family vehicle not carried on the family liability insurance policy); ***Smith v. Allstate Ins. Co.***, 456 S.W.2d 654, 655 (Tenn. 1970) (upholding provision which excluded coverage for hit-and-run accidents unless bodily injury arose out of "physical contact" between unidentified car and car which insured was occupying); ***Thompson v. Parker***, 606 S.W.2d 538, 539 (Tenn. App. 1980) (upholding provision which reduced insured's recovery for bodily injury by amounts received from owner or operator of uninsured automobile and any other party jointly or severally liable). Haulers insists that such provisions are specifically authorized by the UM statutes, which provide that UM coverage "may include such terms, exclusions, limitations, conditions, and offsets, which are designed to avoid duplication of insurance and other benefits." T.C.A. § 56-7-1205 (1994); *see **Hill v. Nationwide***, 535 S.W.2d at 330; ***Thompson v. Parker***, 606 S.W.2d at 540.

We conclude that the foregoing decisions are inapposite to the present appeal. Unlike the provisions in the cited cases, the provision in this case does not purport to be an exclusionary provision or an offset provision. The provision does not expressly exclude coverage in certain situations, nor does it reduce an insured's recovery by amounts received from other sources. Instead, the policy provision at issue purports to lower the policy's limits of UM coverage to a certain amount as established by the provisions of a separate policy, regardless of whether the insured has recovered any amounts from other sources. Inasmuch as the named insured, Auto Mart, did not select such lower limits in writing as required by the UM statutes, we hold that the subject provision cannot stand.

Haulers also contends that the policy provision at issue is presumptively valid because the provision has been approved by this state's insurance commissioner. Our supreme court, however, has made it clear that, although the insurance commissioner's approval is a factor to be considered, such approval is not conclusive in determining the validity of a policy provision. ***Hill v.***

*Nationwide Mut. Ins. Co.*, 535 S.W.2d 327, 331 (Tenn. 1976). The insurance commissioner's approval will not render a policy provision invulnerable if the provision is violative of existing law. *Smith v. Allstate Ins. Co.*, 456 S.W.2d 654, 656 (Tenn. 1970). In light of our conclusion that the subject provision violates section 56-7-1201(a)(2) of this state's UM statutes, we hold that the provision is invalid, despite the insurance commissioner's approval thereof.

The trial court's judgment is affirmed, and this cause is remanded for further proceedings. Costs of this appeal are taxed to Appellant, for which execution may issue if necessary.

_____
FARMER, J.


_____
LILLARD, J. (Concurs)


_____
TOMLIN, Sr. J. (Concurs)