Ronald J. MEADOWS, Plaintiff,

v.

Linda K. MILLER, et al., Defendants.

No. 94–2445.

United States District Court,
W.D. Tennessee,
Western Division.

June 10, 1994.

**220**

Ronald J. Meadows, pro se.

1. About two years ago, Meadows filed seven complaints, all of which were dismissed as frivolous under section 1915(d):

    *Meadows v. Dyson,* 92–2380–4 (W.D.Tenn. 1992).

    *Meadows v. McCoy,* 92–2378–G (W.D.Tenn. 1992).

    *Meadows v. Verner,* 92–2377–Tu (W.D.Tenn. 1992).

    *Meadows v. Haynes,* 92–2376–H (W.D.Tenn. 1992).

    *Meadows v. Suggs,* 92–2231–Tu (W.D.Tenn. 1992).

## ORDER OF DISMISSAL

McCALLA, District Judge.

Plaintiff, Ronald J. Meadows, an inmate at the Shelby County Division of Corrections', (SCDC), Shelby County Correctional Center, (SCCC), has filed another series of complaints under 42 U.S.C. § 1983, against various SCCC employees.[1]

In this particular case, plaintiff, who is housed in the SCDC's Adult Offender Center, (AOC), sues AOC Director Linda K. Miller for ignoring his request not to be moved to a different building because he does not get along with the counselors in that building. He also named Mr. Allen, Mr. Bennett, Mr. Christie, Counselor Gibson, and Mrs. Tracy Woods, but alleges no actions by any of them except Woods and Gibson, who charged him with an SCCC disciplinary offense. He seeks $9,999.99 in damages and asks that Miller be fired. He requests no relief against the other defendants.

■ When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters,* 753 F.2d 498, 500 (6th Cir.1985). As to Allen, Bennett, and Christie, the complaint lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton v. Hernandez,* — U.S. ——, ——, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989).

This court has no authority to direct Shelby County to fire its employees. That claim for relief is therefore meritless.

    *Meadows v. Bishop,* 92–2189–4 (W.D.Tenn. 1992).

    *Meadows v. Thomas,* 92–2187–G (W.D.Tenn. 1992).

For a time thereafter, it appeared that Meadows had been released, the court having not heard from him. In March, however, he reopened his correspondence with this district. His first case, *Meadows v. Bishop, et al.,* No. 94–2171–Ml/Bro, was dismissed as frivolous under *Hudson v. Palmer.* This series of complaints followed.

■ Plaintiff has no right to be housed in a particular part of the SCCC. *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). As plaintiff has no right protecting him from being confined in a particular AOC building, it follows *a fortiori* that he has no claim against the AOC director for ignoring his request not to be transferred. The claim against Miller also lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton,* —— U.S. at ——, 112 S.Ct. at 1733; *Neitzke,* 490 U.S. at 325, 109 S.Ct. at 1831–32.

■ Finally, plaintiff has no claim against Gibson or Woods for a constitutional deprivation merely because they charged him with a disciplinary violation. *See generally Wolff v. McDonnell,* 418 U.S. 539, 564–71, 94 S.Ct. 2963, 2978–82, 41 L.Ed.2d 935 (1974); *Wolfel v. Morris,* 972 F.2d 712, 716 (6th Cir.1992); *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir.1986). This claim also lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton,* —— U.S. at ——, 112 S.Ct. at 1733; *Neitzke,* 490 U.S. at 325, 109 S.Ct. at 1831–32.

As the complaint is frivolous, it is DISMISSED pursuant to 28 U.S.C. § 1915(d).

The final issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis.* Twenty-eight U.S.C. § 1915(a) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

■ The good faith standard is an objective one. *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis. See Williams v. Kullman,* 722 F.2d 1048, 1050 n. 1 (2nd Cir.1983). The same considerations that lead the court to dismiss this case

as frivolous also compel the conclusion that an appeal would be frivolous.

It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a), that any appeal in this matter by plaintiff, proceeding *in forma pauperis,* is not taken in good faith.

**IT IS SO ORDERED.**