IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

**GARY BERNARD SANDERS, #76973,**

     Plaintiff-Appellant,

                                    Lauderdale Circuit No. 4713

Vs.                           C.A. No. 02A01-9610-CV-00261

**JIMMIE L. JONES,**

     Defendant-Appellee.
_____

FROM THE LAUDERDALE COUNTY CIRCUIT COURT
THE HONORABLE JOSEPH H. WALKER, JUDGE

**FILED**

**December 4, 2001**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

Gary Bernard Sanders, Pro Se

Charles W. Burson, Attorney General and Reporter
Jeffrey L. Hill, Assistant Attorney General
For Defendant-Appellee

**REVERSED AND REMANDED**

Opinion filed:

                                          **W. FRANK CRAWFORD,**
                                          **PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

Plaintiff, Gary Bernard Sanders, an inmate in the custody of the Tennessee Department of Correction (TDOC) at the Cold Creek Correctional Facility, appeals from an order of the trial court dismissing his complaint against the defendant, Jimmie L. Jones, a correctional officer at

the facility.[1]

Sanders filed his civil rights complaint pursuant to 42 U.S.C. § 1983 (1994), which provides as follows:

**§ 1983.  Civil action for deprivation of rights**
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Sanders alleges that Jones searched his cell and discovered legal records and related materials and ordered him to discard the records or disciplinary action would be initiated. Sanders is the prison's law library clerk and acts as a jailhouse lawyer, and therefore, has an abundance of legal records.  Sanders avers that he is being "harassed, intimidated and scorn[ed] on a regular basis with cell searches, verbal abuse and threats of disciplinary action by Defendant Jones as a consequence of the Plaintiff's refusal to discard records generated by his legal endeavors."  Because Sanders did not dispose of his legal records, Jones filed two disciplinary reports at different times charging Sanders with having too much property in his cell.  Sanders avers that Jones has subjected him, and continues to subject him, to repulsive remarks, discriminating cell searches, and egregious noise levels.  He also avers that Jones causes him to report late for work, to miss meals, and to forego telephone privileges.  Sanders avers that Jones read the legal papers found in his cell and told him that he did not have the right to assist other inmates with their legal problems or possess their records in his cell.

Finally, Sanders alleges that Jones "willfully, deliberately and through callous indifference harassed and intimidated the Plaintiff with disciplinary reports and other illicit conduct . . . caus[ing] Plaintiff a great deal of mental anguish and impact[ing] adversely upon Plaintiff's right to access to the courts" and that Jones "willfully, knowingly and intentionally carried out threats of disciplinary retaliation . . . maliciously abusing the disciplinary process."

On February 29, 1996, Jones filed a "Motion to Dismiss or for Summary Judgment."  He relied upon a memorandum in support of the motion and his own affidavit.  In his affidavit,

---

[1]  Jones was sued in his individual capacity.  Neither the State of Tennessee nor the Tennessee Department of Correction is a party to this suit.

2

Jones stated that he issued Sanders a disciplinary report for exceeding the amount of property allowed in a cell. However, Jones denied that he read any of the legal materials and stated that he has never harassed Sanders for any legal activities.

On March 14, 1996, Sanders filed his response to Jones's Motion to Dismiss. Sanders attached an affidavit in which he outlined in detail the verbal abuse and the harassment that he claims Jones has inflicted upon him. He also attached nine exhibits including his law library clerk pass, his work schedule, grievances he filed, the disciplinary reports, and copies of TDOC policy.

The trial court granted Jones's motion, and the case was dismissed. In its order dismissing the case, the trial court stated, "Inmates lose certain privileges as a natural result of incarceration. If an inmate is issued a disciplinary report as a result of exceeding the amount of personal property allowed in his cell, this is not a matter for the Courts of Lauderdale County." Because each party relied upon an affidavit, the "Motion to Dismiss or for Summary Judgment" will be treated as a motion for summary judgment pursuant to Tenn. R. Civ. P. 56.

Sanders appeals from the decision of the trial court and presents one issue for review: Whether he asserted cognizable constitutional claims pursuant to 42 U.S.C. § 1983 sufficient to survive a motion for summary judgment.

A trial court should grant a motion for summary judgment only if the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.03; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Dunn v. Hackett*, 833 S.W.2d 78, 80 (Tenn. App. 1992). The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Byrd*, 847 S.W.2d at 210. On a motion for summary judgment, the court must consider the motion in the same manner as a motion for directed verdict made at the close of the plaintiff's proof; that is, "the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Id*. at 210-11. In *Byrd*, the Tennessee Supreme Court stated:

> Once it is shown by the moving party that there is no genuine

issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id*. at 211 (emphasis in original)(citations omitted). Where a genuine dispute exists as to any material fact or as to the conclusions to be drawn from those facts, a court must deny a motion for summary judgment. *Id.* (citing *Dunn*, 833 S.W.2d at 80). Suits for violations of civil rights call for particularly close scrutiny of motions for summary judgment. *Watson v. Norris*, 729 F. Supp. 581, 583 (M.D. Tenn. 1989).

Sanders asserts that he has a valid constitutional claim because Jones's actions infringed on his protected right of access to the courts. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494 (1977). Meaningful access to the courts is the touchstone. *Id.* at 823, 97 S.Ct. at 1495. Inmate access to the courts must be adequate, effective, and meaningful. *Id.*

Jones asserts that Sanders's interest in immediate access to legal paperwork is outweighed by the State's interest in providing a safe and healthy environment for the prisoners in its care. Reasonable restrictions on direct access to legal materials may be justified in light of legitimate penological interests in security. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 104 (6th Cir. 1991); *see also Green v. Johnson*, 977 F.2d 1383, 1390 (10th Cir. 1992) (holding that prison rules restricting the amount of legal materials in an inmate's cell may be reasonable for orderly maintenance of the facility and proper security).

Jones argues that the limitation on storage space is reasonable and is related to legitimate safety concerns, and therefore, dismissal was proper. We believe that there is more to this case than an issue of storage space and legitimate security considerations. Sanders alleges harassment and abuse that have interfered with his right of access to the courts. In his affidavit, Sanders sets forth facts of verbal abuse, punishment, and harassment that go beyond the issue of storage

4

space.

A state may not constitutionally harass, punish, or intimidate prisoners because of their efforts to assist inmates in gaining reasonable and meaningful access to the courts. *Vaughn v. Trotter*, 516 F. Supp. 886, 893 (M.D. Tenn. 1980); *see also Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (holding that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts); *Campbell v. Beto*, 460 F.2d 765, 768 (5th Cir. 1972) (holding that prisoner access to the courts is not to be curtailed or restricted by threats, intimidation, coercion or punishment).

Jones also argues that Sanders made absolutely no effort to show actual prejudice, which Jones claims is required to state a claim for violation of the right of access to the courts. However, Sanders alleged harassment and intimidation that caused "a great deal of mental anguish and impacted adversely upon [his] right to access the courts." It is well settled that a chilling effect on one's constitutional rights constitutes a present injury in fact. *See Muhammad v. Pitcher*, 35 F.3d 1081, 1083-84 (6th Cir. 1994) (quoting *G & V Lounge v. Michigan Liquor Control Comm'n*, 32 F.3d 1071, 1076 (6th Cir. 1994)).

We believe that Sanders's complaint asserts a cognizable claim under 42 U.S.C. § 1983 and that the disparities between Sanders's affidavit and Jones's affidavit present a genuine issue of material fact. Sanders stated specific facts in his affidavit that controvert the allegations made by Jones's affidavit. In addition, there has been no showing that Sanders does not have the right to practice jailhouse law. Because a genuine issue of material fact exists, we hold that the grant of summary judgment was improper.

Sanders also asserts that he alleged a prima facie case of malicious prosection in light of the fact that Jones issued two groundless disciplinary reports and threatened to issue more if Sanders did not cooperate. In his complaint, Sanders alleges that "Jones willfully, knowingly and intentionally carried out threats of disciplinary retaliation." Jones argues that Sanders has no constitutionally protected right against being falsely accused of conduct that does not result in the deprivation of a protected liberty interest. Jones asserts that no protected liberty interests were implicated by the disciplinary reports.

It is true that a claim based solely on the filing of a disciplinary report does not state a constitutional claim. *Meadows v. Miller*, 855 F. Supp. 219, 221 (W.D. Tenn. 1994). However, Sanders alleges "disciplinary retaliation." Jail officials may not retaliate against "jailhouse lawyers" for assisting indigent inmates. *Tuggle v. Barksdale*, 641 F. Supp. 34, 36 (W.D. Tenn. 1985); *see also Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (holding that filing of a disciplinary charge, although otherwise not actionable under § 1983, is actionable under § 1983 if done in retaliation for the filing of a grievance pursuant to established procedures). We believe the filing of disciplinary charges is actionable under § 1983 if filed in retaliation for exercising the constitutional right of access to the courts. In his affidavit, Sanders sets forth facts that create a genuine issue of material fact concerning the reason behind the filing of the disciplinary reports.

The order of the trial court granting summary judgment to Jones is reversed, and this case is remanded to the trial court for such further proceedings as necessary. Costs of this appeal are assessed against the appellee.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**